AMELIE COMPTON *v.* JOHN COMPTON, Her Husband.

Any creditor of the husband who alleges, that he has been aggrieved by a judgment for a separation of property between the spouses, may appeal therefrom, though not a party to the suit in the lower court. C. P. 571. C. C. 2408.

The words " *or otherwise disposed of the same*," in art. 2367, of the Civil Code, apply not to the price of the paraphernal property sold by the wife, but to the property itself, or its value, when, in any other case than that of a sale by the wife, the husband has disposed of it for his individual interest. The legal mortgage given to the wife, by that article, on all the property of her husband for the reimbursement of the value of her paraphernal property, is not confined to the case of the sale of the property, but extends to all cases where the husband receives money for his wife

or disposes of her property in any way for his individual benefit, and it attaches from the moment of such receipt or conversion.

Though the wife has a right to administer personally her paraphernal property, without the authorization of her husband, and, even where she has left its administration to him, may resume it at any time, yet if, during his administration, he has sold any part of it, she has, under art. 2367, a mortgage on his property for its value.

APPEAL from the District Court of Rapides *King*, J. The plaintiff having obtained a judgment of separation of property from her husband, and declaring her entitled to a legal mortgage on all the immoveables and slaves in his possession for the reimbursement of paraphernal funds received by him. Brent, an ordinary creditor, appealed therefrom.

*T. H. Lewis*, for the plaintiff, contended that Brent, as an ordinary creditor, had no right to an appeal, not having made himself a party below.

*O. N. Ogden*, for the appellant. The wife has no mortgage on the property of her husband to secure her extra-dotal effects, but in the case provided for by art. 2367, of the Civil Code, that is to say, where the wife has alienated her paraphernal property in the manner there pointed out, and the husband *has received the amount* (*prix*) of the property *thus alienated* by his wife, or otherwise disposed of the same for his individual interest. The word "*same*" refers to its antecedent "*amount.*" No privilege or mortgage can exist, unless expressly provided by law. Civil Code, arts. 3152, 3280. Under the title of "mortgages," the Civil Code expressly provides for the restitution of the dower. Had its framers designed to establish the general mortgage allowed by the judgment of the lower court, it would have been mentioned under that head. The reason which led to the allowance of a general mortgage for the restitution of the dower, and not of the extra-dotal property, is plain. The former is under the sole management of the husband. Civil Code, arts. 2317, 2327, 2330. He is not bound to give security for it, though insolvent. Ib. 2333. But of her paraphernal property the wife has exclusive control, if she choose to exercise it. Ib. 2361, 2364, 2365, 2368. If she allow it to go into the hands of the husband, he is only her mandatary. She can resume its management at any

time ; or annex any conditions to his management, as by requiring security for its return, &c. She has, consequently, no need of a tacit mortgage or lien in order to protect herself, as in the case of her dotal property.

MORPHY, J. This is a devolutive appeal, taken by James Fenwick Brent, on the allegations that he is a creditor of the defendant to the amount of one thousand dollars, that he is aggrieved by a judgment of separation of property rendered in this case, and that there is error in the same. A motion to dismiss this appeal has been made, on the ground, that Brent, as an ordinary creditor of John Compton, has no right to interfere in this case by appeal, he not having been a party to the suit in the lower court ; that the judgment rendered can work no injury to him ; and that this is not a case wherein persons not parties to the original suit can appeal from the judgment rendered therein. This motion cannot, in our opinion, prevail. Independent of article 571, of the Code of Practice, which gives to third persons in general the right of taking an appeal in a suit to which they are not parties, when they allege, that they have been aggrieved by the judgment, the Civil Code, art. 2408, expressly gives to the creditors of the husband the right of becoming parties to the suit for a separation of property, and authorizes them to object to the separation decreed and even executed, with a view to defraud them. Our law looks with a suspicious eye upon a separation of property between husband and wife, and has afforded to the creditors every facility for protecting their rights. We can see no good reason why they should not be permitted to make themselves parties to such a suit, by appealing from the judgment of separation, as they are expressly allowed to do, by intervening in the court below.

The judgment appealed from, after pronouncing a separation of property between the parties, and giving to the wife all her paraphernal property existing in kind, decrees the defendant to pay her a sum of $23,212 80, and allows her a legal mortgage on all his immoveable property and slaves, to secure the said sum, from the different dates at which he received the moneys forming that amount. There is no dispute as to the correctness of the judgment in relation to the extent of the plaintiff's paraphernal rights

and claims. The record shows, that at the sales of the estates of the father and mother of the plaintiff, her husband purchased property to an amount exceeding the sums accruing to her as one of the heirs, and settled with the other heirs retaining these sums, which, with other small amounts received during the lifetime of her parents, form the total amount decreed to her. But it is contended, that the judgment erroneously recognizes, and gives to the wife a legal mortgage on the defendant's property, for the sums thus received by him ; that under art. 2367, of the Civil Code, which is the only one which gives her a mortgage for her paraphernal property, she is entitled to it only where she sells her paraphernal property, and it is proved, that her husband has received the price, or otherwise disposed of the same. Our understanding of this article is different from that contended for by the appellant, and accords with our repeated and uniform adjudications on the subject, before, and since the promulgation of the present Civil Code. We think, that the phrase " or otherwise disposed of the same" in that article, applies not to the price of the paraphernal property sold, but to the paraphernal property itself, or its value when, in any other case than that of a sale by the wife, the husband has disposed of it for his individual interest. In the case of a sale of paraphernal property by the wife, with the authorization of her husband, her mortgage attaches the very moment the latter receives the price. No proof of the subsequent use, or disposition of the money by the husband, is required of her. If this be so, the second member of the sentence would be superfluous, if understood to apply only to the price, because he could not dispose of it without having received it. Although the language of the article may not be free from doubt, and is not as explicit as it might have been, we believe, that it embraces not only the particular case of a sale of paraphernal property by the wife, but also all cases in which the husband receives for his wife money, or disposes of her proprety in any way for his individual benefit. There is no good reason why the wife's mortgage should exist in the one case, and not in the other. Such is the construction which we put upon this article after much consideration in a case decided last winter in the Eastern District. See *Johnson* v. *Pilster*, 4 Robinson, 71. We

can see nothing in the argument, that the wife's mortgage for her paraphernal property should be limited to the case of a sale made by herself, because her husband's intervention is rendered necessary, and her rights are under his control. Husbands have under their control the personal and possessory actions to which their wives are entitled ; they can sue in their own name, for the recovery of debts due to them, for a partition of moveable property in which they are concerned, &c. Code of Practice, art. 107. 6 Mart. 667. 11 Mart. 443. In these cases the rights of the wife are as much under the control of her husband, as in that of a sale in which his assistance is necessary. It is true, that the wife has the right to administer personally her paraphernal property, without the authorization of her husband, and that if she has left to him the administration of it, she may at any time resume it ; but if, during his administration, he has sold any property, she has, according to our understanding of article 2367, a mortgage on his property for the value, or price of the property thus sold. It is said, that the construction contended for by the appellant is strengthened by the circumstance, that none of the articles of the title of "Mortgages" in the Code, speak of a mortgage to secure the paraphernal property of the wife, while they establish, *in express terms*, that given to her for the restitution of her dowry. We do not feel the force of the inference drawn from this omission to repeat, in that title, a provision existing in another part of the Code. Article 3280, which is relied on, provides, that " no legal mortgage shall exist, except in the cases determined *by the present Code*," evidently referring to legal mortgages allowed in other parts of the Code, besides those expressly mentioned under the head of legal mortgages. See the case of *Johnson* v. *Pilster*, 4 Robinson, 71, and the authorities there quoted.

*Judgment affirmed.*