MRS. MALONE *v.* HER HUSBAND—GORMAN, Syndic, et al. Appellants.

Third persons, not parties to the suit, have a right to appeal when they are aggrieved by the judgment.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J. *Clack*, for plaintiff. Defendant in *p. p. White* and *Ardrey*, for *Gorman*, appellant.

VOORHIES, J. The plaintiff brought this action against her husband, to recover the sum of $5,425. She alleges in her petition, that in August, 1841, she married the defendant, whose domicil was in the city of New Orleans; that at the time of her marriage, she owned and possessed, as a gift from her father, the sum of $2,425, and that she afterwards acquired from her brother the sum

of $3,000; that all of said sums of money were received by her husband, who used the same in the prosecution of his trade and business. *Malone v. Her Husband.*

To this demand, the defendant made no formal defence.

*John J. Lafarelle* and *H. C. Edwards*, whose depositions were taken *ex parte*, before answer filed, and out of court, deposed that the plaintiff was married, as alleged in her petition; that her father, in August, 1841, gave her five hundred pounds sterling, and afterwards gave her $3,000 more; that she also received from her brother's succession, $7,000; and that all of said sums of money were received by the defendant and used in his business. The defendant's receipt to the plaintiff's father, shown by the deposition of *Lafarelle*, to be in the handwriting of the latter, for £500, was also introduced in evidence by the plaintiff.

There was a judgment rendered in favor of the plaintiff during vacation, for the amount claimed in her petition. *Patrick Gorman*, alleging that he was a creditor and also syndic of the creditors of the defendant, *T. C. Malone*, and as such, aggrieved by the judgment, appealed therefrom.

The right of *Gorman* to this appeal, is contested by the plaintiff. Under the Code of Practice, Article 571, the right of appeal is expressly given to third persons not parties to the suit, when such third persons allege that they have been aggrieved by the judgment. See *Compton* v. *Her Husband*, 6 R. R. 156.

After careful examination, we think the proof in the record, so far as it relates to the appellant, is insufficient to substantiate the plaintiff's demand. The depositions of *Edwards* and *Lafarelle* are evidently exaggerated. The plaintiff only claimed the sum of $5,425, and they proved upwards of $12,000, received by the defendant and used in his business. Besides, the relation existing between the parties, the manner in which the depositions were taken, and the absence of any defence to the action, are circumstances, in our opinion, which are well calculated to excite suspicion. It must also be borne in mind, that our law looks with an unfavorable eye upon cases of separation of property between husband and wife, and holds out to creditors every facility for the protection of their rights. But, as the plaintiff's demand was not contested in the inferior court, we think justice requires that the case should be remanded for a new trial.

It is therefore ordered and decreed, that the judgment of the District Court be avoided and reversed, and the case remanded for further proceedings according to law; the appellee to pay the costs of this appeal.