(45 South. 519.)

No. 16,879.

WAGNER v. GLAESER.

(Dec. 16, 1907. Rehearing Denied Feb. 3, 1908.)

APPEAL—APPEALABLE INTEREST.

Where a wife obtained a judgment of separation from bed and board, and incidentally a decree for the dissolution of the community and for its liquidation according to law, but urged no personal demands, either against the community or the husband, *held*, that a third party, claiming to have purchased from the husband certain real estate inventoried as belonging to the community and to have paid a part of the price prior to the filing of the suit, has no appealable interest in the judgment in favor of the wife.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, § 934.]

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Fred. Durieve King, Judge.

Action by Dorothy Wagner, wife of Frederick Glaeser, against Frederick Glaeser. Judgment for plaintiff, and the widow of George Provenzano, as vendee of defendant, petitions for a devolutive appeal. On motion by plaintiff to dismiss said appeal. Appeal dismissed.

E. A. O'Sullivan, for appellant. Thompson Bulwer Walker and Benjamin Yehil Wolf, for appellee.

LAND, J. The plaintiff sued the defendant for a separation from bed and board on the ground of cruel treatment, and incidentally for a dissolution and settlement of the community. The petition represented that a certain improved lot belonged to the community, and that the defendant was attempting to dispose of said property to the prejudice of plaintiff's rights. Plaintiff prayed for an injunction to restrain the defendant from disposing of said real estate, for an inventory of all the community property, and for judgment decreeing a separation from bed and board, the dissolution of the community, the sale of all the community property for the purpose of liquidation and settlement, and awarding her the custody of the minor children of the marriage. The court ordered that an injunction issue and that an inventory be made as prayed for. The case was tried on default, which was duly confirmed on evidence of cruel treatment, and judgment was rendered on October 25, 1907, in favor of the plaintiff as prayed for. On the same day a supplemental judgment was rendered ordering the sale of all the community property at public auction. On November 14, 1907, the widow George Provenzano presented a petition for

a devolutive appeal from the judgment of separation, etc., rendered on October 25, 1907. In her petition the said widow represented that on September 12, 1907, the day before the suit was filed, a sale was effected between her and Frederick Glaeser of the piece of real estate described in plaintiff's petition, and known as No. 729 Conti street, for the price of $5,500, of which $550 was paid on account to the said vendor ; that the agreement of sale was duly recorded on September 12, 1907; that the formal notarial act of sale was not passed, but that a notary had been selected and engaged for that purpose. The said widow further set forth in her petition for an appeal the proceedings and judgment in the suit for separation, and assailed the judgment on the following grounds:

"That the allegations of the petition were such that, if contested, no evidence would have been admitted ; they being vague and indefinite, in general terms, without specification or dates. That to substantiate the said allegations, such as they were, but three witnesses were introduced, whose testimony is such as not to warrant or justify the judgment therein rendered."

The petition for the appeal further represented that she had paid into the community existing between plaintiff and the defendant the sum of $550 on account of the purchase price of said real estate ; that the judgment ordered the sale of said property in which she was interested to the extent of $5,500; that the judgment rendered in said suit was rendered by collusion between the parties, and has not as yet gone into effect, as they are still living in the same residence; and that petitioner is irreparably prejudiced by said judgment, the same being contrary to the law and the evidence. The petition for an appeal was duly sworn to by the petitioner. The court granted the appeal and made it returnable on the third Monday of November, 1907.

The first ground of the motion to dismiss is that the appellee was not allowed 15 days to answer, as provided by Act No. 6, p. 7, of 1896. This ground is bad, as the error was not imputable to the appellant. Code Prac. art. 898.

The second ground is that appellant is without interest to support an appeal, and the third is that she has no right or cause for an appeal. Both of these grounds may be considered together.

Plaintiff's suit was for a separation from bed and board, and incidentally for a separation of property. The wife urged no separate claims against the husband or the community. Her interest in the latter is purely residuary; i. e., what may remain after the payment of debts. The appellant claims to have purchased the real estate belonging to the community prior to the institution of the present suit. If so, the judgment appealed from cannot affect the appellant's rights to sue for the property as owner, or to compel the formal conveyance of the same pursuant to the agreement of the parties. If plaintiff can at the same time claim the property and the price paid on account, as to the latter she occupies the position of a creditor of the community. We cannot perceive how the rights of creditors of the community can be injuriously affected by the incidental judgment of separation of property, as they must be paid before the plaintiff wife can receive anything.

In Compton v. Her Husband, 6 Rob. 154, cited by appellant's counsel, the judgment, besides giving the wife certain property as paraphernal, condemned the husband to pay her a large sum of money, with recognition of a legal mortgage on all the immovables of the husband. In Malone v. Husband, 10 La. Ann. 84, also cited by appellants, the wife obtained a money judgment against her husband. The appellant certainly has no interest in plaintiff's judgment for a separation from bed and board. The separation of property follows as a necessary legal incident. Civ. Code, art. 155.

Appeal dismissed.