Martin, J.
delivered the opinion of the court.
Moffatt, provisional syndic of the insolvent, is appellant from a judgment ordering him to render an account of his administration as provisional syndic, and also to deliver into the possession of P. Riviere, syndic, the slave and other property, real and personal, which he has or may have'in his keeping, belonging to the estate of James Cassidy, the insolvent. He is also appellant from a judgment overruling his opposition to the appointment of Riviere as syndic.
If Riviere was duly appointed syndic, the order to the provisional syndic to account and deliver up the property, &c., was the necessary consequence of his appointment. We have therefore only to inquire whether the opposition was properly overruled.
The appellee’s counsel has contended, that the opposition was properly •overruled, because it was not accompanied with a sufficient affidavit. The [404] opposition was made under the 18th section of the Act of 1817, relating to voluntary surrenders, 2 Moreau’s Digest, 429, in which there is an evident discrepancy between the English and French texts; the former requiring the opponent to lay before the court his written deposition stating specially the several facts of nullity, &c., to the appointment; while the latter states, “remettre á la cour, saisie de la faillite son opposition par éerit, établissant specialement les divers faits de nullité.” In comparing the different sections of the act, especially the 26th and subsequent ones, with the one under consideration, we come to the conclusion that the discrepancy evidently proceeds from a mistranslation of the French text, which appears to us to have been the original one; a lapsus calami, or a misprint.
On this branch of the case the opposition ought to have been sustained, on the grounds on which it rested or was based.
1. The opponent denied that Riviere received the legal number of votes either in number or amount, to constitute him syndic.
2. He alleged that the vote of Mrs. Bancker was improperly received, ás it was not shown that she was testamentary executor of her husband, and could give no authority to her attorney to give the vote.
8. That the oath of the attorney in fact does not state that it is from his personal knowledge that he'knows of the existence of the debt, and his oath *613 ought not to have been received, because his constituent was in the city, and could not vote by proxy.
4. That the insolvent placed his landlord, Bancker, on his schedule for the whole amount of a lease which had not expired, and consequently for a larger sum than was due to him. That at the time of voting for syndic, there was no rent due to the estate of Bancker, and that this vote should not have been given, by which alone Riviere was elected.
I. The first ground of objection is not supported by any evidence.
II. In relation to the second ground, Mrs. Bancker’s capacity as ex- [405] ecutrix not being denied at the meeting of creditors, there was no necessity of the production of her letters testamentary to authorize her attorney to vote-for syndic.
III. The attorney in fact of Mrs. Bancker, not having been questioned as to his personal knowledge of the existence of the debt, sworn to by him, he had no need to state it. An attorney in fact may represent his constituent at a meeting of creditors, although the latter be present in the city, if she finds it inconvenient to attend at the notary’s office.
IV. None of the grounds of opposition are established by evidence, so that this one, with the rest, must fall.
The judge a quo, correctly overruled the opposition to the appointment of Riviere as syndic.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.