SUCCESSION OF JOHN HENDERSON—WILLIAM CROSS and others, Executors, Appellants.

To entitle one, not a party to the cause, to an appeal from the judgment, under art. 571 of the Code of Practice, he must have a pecuniary interest, and be aggrieved. Where the interest is not apparent on the record, the case will be remanded to ascertain it.

The act of 16 March, 1842, explanatory of art. 924 of the Code of Practice, was intended to have a future, not a retrospective operation.

Notice of an application for the appointment of dative testamentary executor must be given, in all cases, in the same manner as on an application for the appointment of an administrator. The publication of such notice has not been dispensed with by the act of 16th March, 1842.

APPEAL from the Court of Probates of New Orleans, *Bermudez*, J.

GARLAND, J. In the month of February, 1842, the appellants, Cross and others, presented a petition to the Court of Probates, stating that they were the testamentary executors of John Henderson, who died in Scotland; that they had made due proof of his will, which had been regularly admitted to probate in that country, and that they had duly qualified as his executors. They stated that Stephen Henderson had for some time acted as administrator of the estate, and had at one time made opposition to their acting as executors here, but that upon the production of sufficient evidence, he had withdrawn his opposition. They, therefore, prayed that the will might be registered or recorded, and ordered to be executed; which was accordingly decreed. The executors then, through their authorized agents, proceeded to administer the estate, when, on the 7th of April, 1842, Henry R. Grandmont, stating himself to be the attorney of the absent heirs of said John Henderson, presented a petition to the Court of Probates, stating that Henderson had died in Scotland, leaving in this State a large amount of money, notes, and other property in the possession of Mylne & Thompson of New Orleans; that one of the sons of Henderson, to wit, Stephen Henderson, Jr., who resided in the town of Baton Rouge, had formerly been appointed administrator of the succession, and had caused an inventory to be made according to law; that since the appointment of said administrator, it had been ascertained that a will had been made, a copy of which was

then on record in the Probate Court, and that the execution of the same had been ordered on the 17th of February, 1842. He further stated that the executors or trustees appointed by the testator are absent, and cannot, therefore, under an act of the legislature, passed on the 16th of March, 1842, perform the duties of the trust. That said act provides that whenever the testamentary executor or executors named by the testator will not or cannot perform the duties, or may be dead or absent, the judge shall appoint one or more dative testamentary executors, as is provided by the 924th article, No. 7, of the Code of Practice, and in the same manner as if the testator had omitted to name his executor. The petitioner then proceeds to aver, that it is necessary that some person should be appointed to execute the will, which contains universal dispositions in favor of the absent heirs, and to settle the estate finally. He avers that Mylne & Thompson cannot be appointed, as they are agents of the deceased, and accountable as such ; and that Stephen Henderson, Jr., the former administrator, cannot be appointed, as he also has an account to render ; wherefore, he prays that a fit and disinterested person may be appointed dative testamentary executor in conformity to law. Whereupon the Judge of the Court of Probates, on the same day, without notice to any one, or proof of the facts stated, so far as the record shows, ordered that " Joseph Bosque, Esq., be appointed dative testamentary executor of the estate, on his complying with the requisites of the law."

On the 22d of April, 1842, Cross, and his co-executors presented a petition to the Court of Probates, recapitulating briefly the previous proceedings and the judgment of the court appointing Bosque as dative executor, alleging that they are interested, and that their rights and interests will be seriously affected by the judgment appointing Bosque to administer the estate of their testator, and praying an appeal, which was allowed.

In this court it is admitted, that the will of Henderson had been presented to the Probate Court, and ordered to be registered and executed. That the executors were represented by attorneys in fact, properly appointed, and their powers on file in the said court. That the nomination of Bosque was on the *ex parte* application of the attorney of the absent heirs, without advertisement, or notice

to the executors, or to their agents. In addition to which admission, it appears from the petition that John Henderson had a son in this State at the time.

The counsel for Bosque, and the attorney for the absent heirs, have moved to dismiss the appeal, on the ground that the appellants have no right to it, not being interested.

Article 571 of the Code of Practice gives the right of appeal, not only to the parties to the cause in which judgment has been rendered, but to all third persons not parties, who shall allege that they have been aggrieved by the judgment. Under this article many appeals have been taken by persons not parties to the suit, and, in acting under it, we have held that the appellant must have a pecuniary interest and be aggrieved. 4 Mart. N. S. 623. 7 Ib. N. S. 575. When the interest is not apparent on the record, we have repeatedly sent the case to the inferior court to ascertain it. In this case, the interest in our opinion is apparent, and we could scarcely think the counsel serious, when he contended that individuals, who were deprived of the administration of a large estate, had no such interest in the judgment that deprived them of it as would authorize them to appeal. The case of the *Succession of F. De Armas*, 1 Robinson, 461, recently decided, does not sustain the counsel in his position. In that case, Le Carpentier had been appointed dative executor without opposition ; afterwards Doriocourt, who had no interest, either as an heir or creditor, came in and asked to be appointed executor with Le Carpentier, averring that he intended to have made an application for the appointment, but did not until the other was appointed. He also made objections to the appointment of Le Carpentier. We said that he had no interest, as he had no legal right or claim to be appointed, being in no way related to, or privy to the affairs of De Armas. Had the Judge of the Court of Probates, in the exercise of his discretion, thought proper to appoint Doriocourt dative executor, without notice, and to have deprived Le Carpentier of his office, then a case, something like the present, would have existed ; and there could not have been a doubt of the right of the latter to an .appeal.

As to the argument that no issue was joined between the parties, we must say that it comes with a very bad grace, when the record shows that no opportunity was affored to any one to make

an objection or to raise an issue. The presentation of the petition was instantly succeeded by the judgment. But, under the article of the Code of Practice before quoted, it is not necessary that a third person should have joined issue with either the plaintiff or defendant. If the interest and injury are made to appear, the right of appeal exists.

This case presents an anomaly in judicial proceedings. An individual in no way connected with the deceased, either as heir, creditor, relative, or friend, is, without any public solicitation on his part, or notice to any one interested, except the attorney of the absent heirs, appointed sole executor to manage a large estate, which the judge of the court knew was then being administered by the agents of the executors duly appointed by the testator, and who had been, not more than six weeks previously, recognized by the judge himself, and put in possession of the estate, a son of the deceased being also in the State, and making no objection. And this is said to have been done by virtue of a law passed after the executors and their agents were recognized by the proper tribunal. We suppose the judge of the Court of Probates fully understands the act of the legislature, approved March 16th, 1842, entitled " An act explanatory of the 924th article of the Code of Practice," &c. Acts of 1842, p. 42. If so, he doubtless knows that it is applicable to future cases. A perusal of the act satisfies us that the legislature so intended ; and that no idea existed in that department of the government, that it was making a law to affect vested rights, and change the interests which parties had acquired in judgments already given. The legislature knew that laws proscribe for the future, and can have no retrospective operation ; nor can they impair the obligation of contracts. So says the constitution of the State ; so says the Civil Code, article 8 ; and so have this court said, in a case in which the judge of the Court of Probates was a party. 12 La. 352.

But if we admit that the act of the legislature relied on is applicable to the succession of John Henderson, there is another fatal objection to the appointment of Joseph Bosque, as dative testamentary executor. No notice was ever published of his application to be so appointed. In the case of *Girod's Heirs* v. *His Executors*, this court, after mature deliberation, held, that a notice of an

application for the appointment of dative testamentary executor must be given in all cases, in the same manner as for the appointment of administrators of estates. 18 La. 402. The publication of this notice has not been dispensed with by the act of 1842, whatever the enlightened framers of it may have intended. The clause of the 924th article of the Code of Practice, which it was the object of that act to explain, calls the persons appointed under the will administrators, thus showing that they were regarded in the same light as other administrators ; and as they have to act and account in the same mode, there is no reason why there should be any difference in the manner of appointing them.

The judgment of the Probate Court appointing Joseph Bosque dative testamentary executor of the estate of John Henderson, deceased, is annulled, and the appointment vacated and set aside ; the appellees paying the costs of both courts.

*Grymes*, for the appellants.

*Soulé*, contra.

