ELIZABETH GRIFFING and others, Heirs, *v.* ROBERT H. BOWMAR.

Where an appeal is taken, after the lapse of twelve months from the day on which final judgment was rendered, by one who alleges in his petition of appeal that he is a non-resident, and the allegation is denied, the case will be remanded to try the issue; and until the judgment rendered thereon, and the evidence on which it is based, is sent up, no opinion will be pronounced on any other point in the case.

APPEAL from the Court of Probates of Ouachita, *Lamy, J.*

GARLAND, J. A motion is made by the defendant to dismiss the appeal in this case :

*First.* Because it was taken after one year had elapsed.

*Secondly.* Because another appeal was taken and dismissed, and the appellants have no right to a second.

*Third.* Because the service of citation is insufficient.

*Fourth.* Because the record is defective, not containing all the proceedings had in the cause.

*Fifth.* Because it is not a fact, that two of the parties, Griffing and wife, reside in Indiana, or are absent from this State.

In the petition of appeal, Elizabeth Griffing and John B. Griffing, her husband, and Nancy Ward, are stated to be residents of Indiana. They did not join in the first appeal, and being, as they say, non-residents, have two years within which they may appeal. The defendant denies that Griffing and wife are non-residents. To be able to decide whether these persons are entitled to take an appeal, after the lapse of twelve months, it is necessary for us to know whether they are residents of this State, or not. This cannot be decided, except by sending an issue to be tried by the court from whence the appeal is taken, and by having the judgment rendered thereon certified to us with the evidence on which it may be based. The issue is, are John B. Griffing and Elizabeth his wife, who are appellants in this case, residents of the State of Louisiana, or not? 4 Mart. N. S. 614. 6 Ib. 161, 307. 10 La. 438. The allegation of Nancy Ward, another of the appellants, that she is a resident of Indiana, is not put at issue by a special denial; we, therefore, take it for granted that she is a non-resident.

Until the return of the decision of the Probate Court upon the

issue joined, it will not be proper to express an opinion upon any other point in the case.

It is, therefore, ordered, that the question at issue be remanded to the Probate Court of the parish of Ouachita, with directions to the judge thereof to try, and decide the same, and certify his judgment, and the evidence taken on the trial, into this court, as soon as practicable. The costs of this proceeding to abide the decision to be hereafter rendered upon the case.

*M'Guire,* for the appellants.

*Copley,* and *Garrett,* contra.

## SAME CASE.

The general doctrines relative to the interruption of prescription, do not apply to the period fixed by art. 593 of the Code of Practice, after which no appeal will lie. No appeal can be taken after the expiration of that time, though one, may have been dismissed, which was taken within the period.

When the period has elapsed within which a party might have appealed, he will not be allowed to contest his rights in the name of another appellant.

Third persons, not parties to the suit, who allege themselves aggrieved by the judgment, to whom the right of appeal is given by art. 571 of the Code of Practice, are entitled to avail themselves of every thing in the record affecting their rights.

THE testimony taken before the Court of Probates, on the trial of the issue sent down, having established that the appellants were non-residents, this case came up for examination on its merits.