WILLIAM D. McCOY v. WILLIAM HUNTER.

Questions of fact and claims for damages are peculiarly within the province of a jury, whose verdict will not be disturbed unless manifestly unjust.

APPEAL from the District Court of Natchitoches, *Campbell*, J.

This case was submitted without argument, by *Brent*, for the plaintiff, and *Morse* and *Roysdon*, for the appellant.

MORPHY J. This suit was brought to recover divers sums, amounting together to $510, under a verbal contract to put up two gin stands in the gin house of the defendant at his plantation on Old River, in the parish of Natchitoches, and to put castings on an old main wheel of the gin, and for other work done at the special instance and request of the defendant. The defence set up is, that the work was not done in a workmanlike manner, nor within such a reasonable time as to enable the defendant to gin his cotton for market, as the plaintiff had engaged to do; that af-

---

ter the plaintiff had commenced his work, and at the very time when by his contract he was to have finished it, and when the defendant should have been ginning his cotton for market, the plaintiff abandoned the work for seventeen days, thereby causing the defendant damage at the rate of thirty dollars a day, amounting to $510, which, with different sums advanced to the plaintiff, or expended in employing other persons to finish his work, are pleaded in compensation or reconvention. The case was tried by a jury, who brought in a verdict of $201 88 in favor of the plaintiff. After an unsuccessful effort to obtain a new trial, the defendant has appealed.

An attentive examination of the evidence has left on our minds the impression, that the plaintiff has shown little skill or diligence in the performance of his contract with the defendant. Yet, as we have repeatedly said, questions of fact and claims for damages are so peculiarly within the province of the jury, that we will not interfere, unless there be gross and manifest injustice done to one of the parties. In this case we have seen nothing of the kind. The defendant has been allowed as an offset, most of the sums he expended for the plaintiff. As to the damages claimed in reconvention, the jury have thought that, under the circumstances of the case, he was entitled to none. We cannot say that they erred.

*Judgment affirmed.*