No. 3462.—STATE ex rel. D. C. BYERLY *v.* THE JUDGE OF THE EIGHTH DISTRICT COURT OF NEW ORLEANS.

A third party who shows an interest in a suit in amount sufficient to give the appellate court jurisdiction, may appeal from such judgment, and a mandamus will issue from the Supreme Court, on application of such third party, directing the judge *a quo* to grant the appeal.

APPEAL from the Eighth District Court, parish of Orleans.   *Semmes & Mott,* for relator.   *W. H. Cooley,* Judge of the Sixth District Court for the parish of Orleans, presiding in the Eighth.

TALIAFERRO, J.   The Clerks of the Fourth and Eighth District Courts of New Orleans having obtained judgment in their favor in a proceeding by mandamus to compel J. S. Walton, Administrator of Finance of the city of New Orleans, to institute all suits under his control in his said capacity, wherein the city of New Orleans may claim taxes due it for the year 1870, irrespective of the amount involved, in the Fourth and Eighth District Courts, respectively, in equal aggregate amounts sued for, the relator in the present case, who is Clerk of the Third District Court of the parish of Orleans, conceiving himself aggrieved by the judgment, applied to the court by which it was rendered for a suspensive appeal.   The appeal was refused, and he applied to this court for a mandamus to the Judge of the Eighth District Court requiring him to grant the appeal.

In answer to the rule granted by this court, the Judge of the Eighth District Court assigns as reasons for refusing to grant the appeal:

*First*—That this court is without jurisdiction *ratione materia* to hear and determine the questions raised by the pleadings in the case wherein the judgment complained of was rendered.

*Second*—That relator's interest in the suit, by his own showing, is not such as to entitle him to an appeal, as the judgment can work no injury to him, it being so far as relates to the judgment obtained by him in a similar case, *res interalios acta.*

The point decided is that the Fourth and Eighth District Courts of the parish of Orleans are entitled, under the provisions of the act of

State ex rel. Byerly v. The Judge of the Eighth District Court of New Orleans.

the Legislature approved March 13, 1871, No. 48, to jurisdiction of all suits of what amount soever for the recovery of taxes imposed by or due to the city of New Orleans.   The Clerk of the Third District Court contends that that court is vested by law with exclusive jurisdiction of all tax suits contemplated by the acts of the Legislature in relation to the city taxes, where the amount of the tax is less than $100; and if the jurisdiction of claims for these small sums be illegally transferred to the Fourth and Eighth Courts, he will be deprived unjustly and unlawfully of the costs that might arise in the prosecution of all claims for taxes amounting in each case to less than $100.

It is settled by several decisions of this court that a third party may appeal from a judgment if he allege and show a direct pecuniary interest in a suit, and that that interest amounts to a sufficient sum to give jurisdiction to the appellate court.   The relator in this case made oath in the court below that he has an interest in the judgment appealed from to an extent exceeding $1000, resulting from fees of office accruing to him as Clerk of the Third District Court.   We think the appeal prayed for should have been granted.

It is therefore ordered that the rule be made absolute.