Wyly, J.
The motion to dismiss the Appeal is refused.
The relator, alleging that he is the holder of $67,000 in State warrants on the general fund, avers that prior to this suit he “has brought suit both by injunction and by mandamus to retain money in the State treasury” to pay him; that ho again made demand upon the Stato Treasurer, requesting- him, “Antoine Dubuclet, to register the warrants of relatoras aforesaid, to the amount of $67,000, in a book in his office, to the end that the warrants of the relator may be accordingly paid out of the first moneys coming into the treasury to the credit of the general fund; but the said Treasurer, Antoine Dubuclet, refused the request of relator, and refused to register the warrants of relator without any lawful excuse, and in the denial of the right of the relator, to his great danger, loss and injury, from which he had no relief by ordinary process of law,” and therefore prayed for a writ of mandamus.
No answer seems to have been filed. The court, however, gave judgment, rendering the mandamus which was issued .peremptory, commanding A. Dubuclet, Stato Treasurer, “ forthwith to register the warrants of the relator, and before registering any other warrants ; and, further, that said respondent, A. Dubuclet, State Treasurer, pay moneys only on registered warrants, and that he pay said registered warrants in the order and according to the date of such registry, and that he forthwith pay the warrants of the relator in the order in which they are registered.” ,
From this judgment the State Treasurer has not appealed.
The appellant is Jules A. Blanc, who alleges that he is the holder of $6721 in State warrants, and is aggrieved because of the preference given the relator over him and other holders of warrants, and because said judgment is unauthorized by law.
It is very evident from the allegations of the petition that no ground whatever is shown for the mandamus. It is not pretended that the State Treasurer had funds at the time he refused to pay the warrants *17 presented by the relator. It was no part of the duty of the Treasurer to detain funds which might come into his hands in the future in order to pay the relator, in preference to others presenting warrants on the general fund. Revised Statutes of 1870, section 3784.
The fact that the relator presented his warrants once or twice when there was no money in the treasury, would give him no advantage over others when there might bo funds.
A mandamus will not lie to compel the State Treasurer to make a certain distribution of money not yet received by him. Until he has received the money and refused to make the application thereof, as required by law, there is no failure of duty. And it is only the failure of a ministerial duty that justifies the issuance of the writ of mandamus. The district judge was wholly unauthorized to prescribe rules for the administration of the State Treasury, and to enforce them by mandamus.
The relator showed no ground for the issuance of the writ; he used the process of the court for an illegal purpose, and we regret we are not authorized to impose on him exemplary damages.
As to the State Treasurer, we deem it proper to remark that it is strange, to say the least, that he yielded so tamely, and without the slightest resistance to this unwarrantable proceeding against him.
Let the judgment appealed from be annulled; let the mandamus be disallowed, and the relator’s petition be dismissed, with costs of both courts.