### No. 290.—SUCCESSION OF J. D. and E. C. BAILEY.

Questions of fact not passed upon in the lower court can not be reviewed on appeal, but if such questions appear to be material to a correct decision, then the case will be remanded.

A married woman who resides in Texas may prosecute an appeal from a judgment rendered against her in the courts of Louisiana, and the prosecution of the appeal includes the right on her part to give an appeal bond.

APPEAL from the Parish Court, parish of Franklin. *Van Thomas,* Parish Judge. *J. & S. D. McEnery,* for appellants. *Morrison & Farmer,* for appellee.

HOWELL, J. This is a devolutive appeal taken by three heirs in their own right, and by one alleging himself the tutor of the sole heir of a fourth, from a judgment homologating the final account of the administrator of these two successions, it being alleged in the petition of appeal that a fifth heir had died and the petitioners were his sole heirs; further, that one of the appellants is a married woman residing in Texas with her husband, who aids and assists her herein; and further, that the administrator has died, leaving two children by a first marriage and a widow and two children by a second. who are cited.

A motion is made to dismiss the appeal upon several alleged grounds, which amount to a want of proper parties and a sufficient bond. The death of the two heirs, alleged to have died, and the heirship of the appellants are denied in this motion. These are facts which we can not determine, as they have not been passed on by the lower court, and we have no original jurisdiction of them. It is therefore necessary to remand the case for the purpose of settling them contradictorily between the proper parties. As to the necessity of citing the various creditors, alleged to have been paid, we deem it unnecessary in this case. The account does not propose to distribute any thing among them. It

simply gives the administrator credit for the amounts paid by him, without mentioning the names of the creditors. If he has paid improperly he may be held responsible, but no judgment could be rendered on this appeal against the said creditors for the amounts paid them, or any part thereof, and hence they are not interested in maintaining the judgment appealed from.

As to the representatives of the administrator, it is only necessary to remark that if all of them are not mentioned in the petition, or are not named in their proper capacities, it is incumbent on the appellees to specify the omission or error, it being a matter within their knowledge.

As to the authority of the married woman residing in Texas to appeal and give bond, we think the order of the judge *a quo* sufficient in this case. Article 132 R. C. C. sanctions such order in the absence of the husband. A non-resident is within its purview, and the authority to prosecute the appeal includes the giving of the bond.

It is therefore ordered that this cause be remande l to the lower court to try the questions as to the alleged deaths of two heirs and the heirship of the appellants, and to be otherwise proceeded with according to law, without prejudice to the right of appeal.