## No. 4459.

### George W. Lee v. Christopher C. Packard et als.

Where Effingham Lawrence mortgaged half of a plantation to secure some promissory notes, said mortgage being in favor of Casanave, or any other future holder of said notes, and the mortgaged property was subsequently transferred to Packard et als., who assumed to pay the said notes as part of the price, and the notes fell into the hands of Lee, who sued out an order of seizure and sale against the property, which order was injoined by Packard et als.;

Held—That on the trial of the injunction, the court a qua did not err, in permitting Lee to introduce the authentic evidence upon which the order of seizure and sale was granted; and also, that the court did not err, in refusing to allow Packard et als. to introduce in evidence a letter of Effingham Lawrence, the mortgageor, on the ground of irrelevancy.

The purchaser of mortgaged property with the pact de non alienando, occupies no better position than the mortgageor, and can not injoin the executory proceedings, or set up any defense which the latter could not.

No sale or partition of mortgaged premises can defeat the mortgage previously existing thereon.

The purchase of the property by Packard et als., the stipulations and arguments between them and the mortgageor, and the partition of the property among themselves, could not affect the rights of Lee, the holder of the mortgage notes.

The defendants, Packard et als., in partitioning the property among themselves and making partial payments, could not limit the operation of the mortgage upon the whole, because the mortgage was an indivisible obligation.

APPEAL from the Second Judicial District Court, Parish of Plaquemines. *Pardee*, J. *Sambola & Ducros*, for plaintiff and appellee. *C. C. Packard*, defendant and appellant, *in propria persona*.

Wyly, J. In May, 1869, Effingham Lawrence mortgaged half of a plantation in the parish of Plaquemines to secure his six promissory notes for twenty-five hundred dollars each, said mortgage being in

favor of Pierre A. D. Casanave, or any future holder of said notes. The mortgaged property was subsequently transferred to the defendants, who assumed to pay the said notes as part of the price.

The notes fell into the hands of the plaintiff, who sued out an order of seizure and sale against the property. Thereupon the defendant, Christopher C. Packard, brought this suit to injoin the executory proceedings. The court dissolved the injunction, and he has appealed.

We think the court did not err in permitting Lee to introduce the authentic evidence upon which the order of seizure and sale was granted ; and also the court did not err in refusing to allow the appellant to introduce in evidence the letter of Effingham Lawrence, the mortgageor, on the ground of irrelevancy. Therefore the bills of exceptions to such rulings were not well taken.

The purchaser of mortgaged property with the pact *de non alienando* occupies no better position than the mortgageor, and can not injoin the executory proceedings, or set up any defense which the latter could not. No sale or partition of the mortgage premises can defeat the mortgage previously existing thereon. Therefore the purchase of the property by the defendants, their stipulations and agreements with Lawrence, the mortgageor, and the partition thereof among themselves, did not relieve the property of the mortgage now sought to be enforced by George W. Lee.

The defendants, in partitioning the property and making the partial payments, could not limit the operation of the mortgage upon the whole property, because the mortgage was an indivisible obligation.

It is therefore ordered that the judgment be affirmed with costs.

Rehearing refused.