State ex rel. Bonnet vs. Judge *ad hoc* of the Second District Court.

No. 6621.

29   397
46   107

STATE EX REL. ADRIEN BONNET VS. THE JUDGE AD HOC OF THE SECOND DISTRICT COURT, PARISH OF ORLEANS.

A third person, not party to a suit. may appeal from the judgment rendered in it, provided he proves, or it appears from the record, that he has a pecuniary interest in the suit, and is aggrieved by the judgment.

APPEAL from the Second District Court, parish of Orleans.   *Tully, J.,* ad hoc.

*Louque & Fernandez,* for relator.

The judge *ad hoc* for himself.

The opinion of the court was delivered by

MANNING, C. J.   The relator has applied for a mandamus directed to the judge *ad hoc* of the Second District Court for the purpose of compelling him to grant an appeal to this court from a judgment in favor of the plaintiff in the suit of J. L. Tissot vs. the succession of François Lacroix.

Relator was not a party to that suit, and his present demand is based upon his alleged right as purchaser of the interest of Edgard Lacroix in the succession of François, of whom Edgard is a forced heir.

The judge *ad hoc* denied the appeal upon several grounds, which are repeated in his answer to the rule to show cause why the peremptory writ should not issue.   These are founded upon alleged defects in the title of the relator to the rights of heirship of Edgard Lacroix, arising from informalities in the proceedings under and by virtue of which the acquisition took place, and from non-compliance with essential prerequisites to the execution of a valid title.

One of these is, that the succession was represented in the suit by its administrator, who appeared by counsel, and the relator did not appear therein, nor did the heir, whose interests he now claims to own, and, being no party to that suit, that he had not the right of appeal.

The Code of Practice accords the right of appeal not only to those who were parties to the cause in which a judgment has been rendered, but also to third persons not parties to such suit, when such third persons allege that they have been aggrieved by the judgment.   Article 571. This allegation was made by the relator, and if he were the transferee of the interest of the heir in the succession, he could exercise the same right that the heir could, and, we are not prepared to say the heir could not appeal.   But to entitle a third person to appeal from a judgment between others he must show that he has a pecuniary interest and has been aggrieved, and where his interest is not apparent on the record, he will be required to show it.   Succession of Henderson, 2 Rob. 391.

When the motion for an appeal was made by the relator in the lower

State ex rel. Bonnet vs. Judge *ad hoc* of the Second District Court.

court, the parties to the suit denied that he had any interest, and upon the issue thus made much testimony was received, and the judge denied the appeal because that evidence showed that the succession of François Lacroix is insolvent, and, further, because the relator's bid for the interest of Edgard Lacroix was $667, which he did not pay in cash, but only a small portion thereof, to satisfy costs, retaining the residue and applying it to the partial satisfaction of his judgment; and, yet further, because the certificate of mortgages against Edgard Lacroix exhibited more than fifty thousand dollars of mortgages antecedent to the judgment of relator.

The evidence sustains these objections of the judge and justifies his refusal of the appeal.

The succession of François Lacroix being insolvent, the heir had no interest in it, and the purchaser of Edgard's heirship must have bid a sum which would cover the mortgages antecedent to his own, and have paid his bid. He did not comply with the terms of the sale, and acquired no title. His motion for an appeal was, therefore, properly refused, and his application for the writ of mandamus is rejected at his costs.