Hon. R. H. MARR,
Hon. A. DeBLANC,
Hon. W. B. SPENCER,
Hon. E. D. WHITE,
} *Associate Justices.*

---

### No. 6398.

LOUISIANA MUTUAL INSURANCE COMPANY vs. ANTONIO COSTA.

Notice of a motion to dismiss an appeal by posting on the bulletin-board of the court is not sufficient, where the names of counsel for appellant do not appear in the list of cases posted.

Where a party to an appeal dies, no further proceeding can be had on the appeal until his legal representative has been made a party by permission and order of the court.

Where the term of office of a public officer, appellant in his official capacity, expires pending the appeal, his successor in office must be substituted as appellant.

APPEAL from the Fourth District Court, parish of Orleans. *Lynch,* J.

Original opinion by DeBlanc, J., 3d December, 1878.

On rehearing, opinion by Marr, J., 10th February, 1879.

*Louque & Fernandez, C. E. Schmidt, and J. A. Seghers,* for intervenor and appellee.

*Merrick, Race & Foster,* for C. T. Parker, public administrator, appellant.

DeBLANC, J. On the 30th of November 1874, this case was remanded from this to the lower court for a new trial, and—on the 26th of April

1876—Mrs. Antoinette Navarre, who had intervened in this suit, was—by a decree of said lower court—recognized as the owner of a lot of ground, which—under a writ of seizure and sale addressed to the sheriff of the parish of Orleans—had been offered for sale and sold as belonging to Antonio Costa.

At the sale thus made by the sheriff, and which took place on the 18th of September 1869, said property was adjudicated to the late François Lacroix; and—on the 30th of September 1874—the very same property was sold to satisfy a judgment of over ten thousand dollars rendered in favor of the city of New Orleans against said Lacroix, and then bought by Joseph Billgery.

The administrator of the succession of Lacroix has alone appealed from the decree which recognizes Mrs. Antoinette Navarre as the owner of the property which—in 1869—was acquired by said deceased.

Mrs. Navarre claims title to this lot of ground through Jose Manuel Delabarre, who—on the 19th of June 1839, had himself acquired it from Ramon Vincent. An act of sale from said Delabarre, discovered since the trial of Mrs. Navarre's intervention, shows that on the 11th of July 1849—he transferred to Mrs. Louis Berniand the title which he had acquired from Ramon Vincent.

The transcript filed in this court is absolutely incomplete: it contains neither the order of seizure and sale under which the property was sold in 1869, the sheriff's return thereon, nor his deed to Lacroix.

. The most of the facts which we have recited are evidenced by papers which form no part of the record, and by an old transcript deposited among and taken from the archives of this court, the use of which we are asked to allow, in order to supply the omissions which we have mentioned.

From what we have seen and said, we would be disposed to grant the appellant's demand, as regards that old transcript; but can we do it under the law or any rule of this court? We cannot. It is true, we have already permitted the use of old records, to assist in the discussion and decision of appeals pending before us; but this we have done to avoid costs to the parties on timely application, and—invariably with the consent of every one of those interested in the suit. In this case, no such consent was given, and Mrs. Navarre, joined by the legal representatives of Joseph Billgery—the transferree of François Lacroix's title—has moved to dismiss this appeal, on the ground that, as it was not shown that the succession of François Lacroix has any interest to protect in this controversy, it could not have been aggrieved by, and has no right to appeal from the judgment rendered in her favor; and in the brief submitted by her counsel, they suggest the omissions already referred to and which, in no way, could have escaped our attention.

The law does give the right of appeal to third persons, who were not parties to the suit, when they allege that they have been aggrieved by a judgment; but—to exercise that right they must do more than merely allege that they have been aggrieved by it; they must show it by the best evidence within their reach, and—it may be—by proper affidavit, indicating the nature and extent of the right or interest imperiled by the decree, and by the recitals of which the opposite parties would be so minutely informed, as to be enabled to conclude—by an inspection of the evidence itself, or of any act or document referred to in the affidavit, whether to contest or acknowledge the applicant's right to an appeal. Where must that necessary interest, the existence of that right be established? Not in the Supreme Court, where—as a general rule—no new evidence can be received, even though it may have been discovered since the judgment below, but in the court to which the application is addressed to obtain the appeal. C. P. 894, 904. Otherwise, the remedy by appeal would often be resorted to, for the sole purpose of postponing the execution of the most unassailable decrees.

2. R. R. 391 ; 29 A. 397.

The appellant complains that—on account of an error made in posting the names of counsel on the bulletin-board—the defects in the record did not come to the knowledge of those by whom he was represented. The paper taken from the bulletin-board and relied upon to sustain that assertion, bears the names of every one of the attorneys who appeared in this case, and vindicates the watchful and attentive punctuality of the officers of the court.

The law—it is said—does not require vain things to be done, and the old transcript is quite as convenient as could be any return to a *certiorari*. The law—however—does provide how, when, by whom and from what office a record may be completed, and appellant's application came only after the case had been submitted and taken under advisement. It was then too late to apply for and obtain a writ of *certiorari*, or the use of the old record.

The motion to dismiss the appeal should—it is contended—have been made within three days from the filing of the record, and—when made after, cannot be considered. In this instance, the motion to dismiss is based on the plain enactment "that an action can only be brought (or maintained) by one having a real and actual interest which he pursues," and that, inasmuch as the appellant has failed to show that the succession of Lacroix has such an interest, the representative of that succession, which was not a party to the original suit, cannot—legally—claim and procure the reversal of a decree, which may delay, but which—in no way—can prevent the enforcement of its alleged right.

It is the appellant's duty to bring up a complete record, or perfect

an incomplete one. In this case, the transcript does not contain documents introduced by the parties and mentioned in the note of evidence, and we can neither review, affirm, nor reverse the judgment appealed from. This we would have found in perusing the transcript, without suggestion from any one ; and this found—whether within or after three days from the filing of said transcript, we would have had—of our own motion—to dismiss the appeal.

For this additional and suggested reason, the motion made by intervenor must prevail.

It is, therefore, ordered, adjudged and decreed that this appeal be and it is dismissed at the costs of the succession of François Lacroix.

---

MARR, J.   The motion to dismiss the appeal is as follows :

" Widow Jean Baptiste Ducoing, administratrix of the succession of Antoinette Navarre, deceased, who was the intervenor and appellee in this case, now comes into this Honorable Court, and moves to dismiss the devolutive appeal herein taken by E. T. Parker as administrator of the succession of François Lacroix, deceased, on the ground that the said appellant has shown, and has really, no interest justifying an appeal on his part, from the judgment rendered by the district court in favor of the intervenor, and he has not shown that he has been aggrieved by said judgment, and has really not been aggrieved thereby."

This motion was filed on the eighth of April ; and it was submitted to the court on the fifteenth, with another paper, purporting to be the consent of Mrs. Jos. Billgery, tutrix, and J. M. Billgery, to the dismissal of the appeal taken by François Lacroix for the reason that there had been a compromise and settlement of the matter relative to the property in litigation, and a sale by Lacroix to Jos. Billgery.

Neither Jos. Billgery, nor Mrs. Jos. Billgery, tutrix, nor J. M. Billgery was a party to the suit in the district court, nor to this appeal ; nor was there any mention made in the proceedings of any compromise, or settlement, or sale of the property in question to Billgery. It would seem to be needless to say that we can not take cognizance of this new motion, which was in no way involved in the litigation in this case, and which was not brought to the notice of, nor passed upon by the district court.

The motion to dismiss was submitted without appearance on the part of appellant; and his counsel have filed affidavits, and have otherwise shown, since our decree dismissing the appeal was pronounced, that they had no notice of this motion until after it had been submitted ; and that their names as counsel did not appear on the bulletin-board of the court, on which the motion was posted. No other notice of motions

to dismiss is given than by this posting; and we do not think it suffi-cient where the names of the counsel for appellant do not appear in the column set apart for that purpose in the list posted. The names of appellant's counsel were written in pencil in this column; but when this was done we are not informed. The proof satisfies us that it was done after the list was posted. The lists are carefully prepared in the clerk's office; and they are written in plain characters, in ink, so as to attract the attention of counsel readily. We granted the rehearing on the ground of want of sufficient notice.

Counsel for appellant moved the court to allow them to complete the transcript in this case, either by supplementing it by using the tran-script of a former appeal, in the same case, in which this court remanded the case for a new trial; or by *certiorari*. The decision on this former appeal was rendered in February, 1875; it is number 3341 of the docket, not reported.

On the showing made in this case we should probably permit the transcript to be thus supplemented by the use of that filed in this court on the former appeal; because it would be a hardship to compel the appellant to have the record completed by copying into it simply that which is embraced in the first transcript of appeal between the same parties, in the same case, a volume of over 300 pages. But the con-dition of the case is such as to prevent final action on the motion of appellant's counsel. The motion to dismiss informs us that Mrs. Antoi-nette Navarre, who was intervenor and appellee, is dead. This is the only suggestion of her death which we find in the cause. There is no motion or application otherwise to make her legal representative a party. There is a paper, not marked filed, which is a copy of the letters granted to Widow J. B. Ducoing as administratrix of the succession of Widow Victor Navarre; but there is no evidence showing that Mrs. Antoinette Navarre, who was intervenor and appellee, and "Widow Victor Navarre" are one and the same.

Be this as it may, when a party to an appeal dies, the death must be suggested, and the legal representative of the deceased must be made a party, by permission and order of the court; and until this is done no further proceedings can be had on the appeal. Mrs. Ducoing, whether she was or was not the administratrix of the succession of Mrs. Antoinette Navarre, was not a party to this appeal at the time the motion to dismiss was made; nor has she become or been made a party since. She was without capacity, therefore, to make the motion; and it must be considered as not having been made. See Edwards vs. Whited, 29 An. 650.

This is sufficient ground for setting aside our original decree, in which we took it for granted that the person making the motion was

a party to the appeal; but there is another ground, which may as well be stated now, in order to expedite the cause.

At the July term, 1878, at Monroe, we decided, in a contest for the office of public administrator, between Daniel Wilson and E. T. Parker, that Parker's term expired on the fifth March, 1878 ; and that Wilson was entitled to the office under his commission, bearing date third May, 1878.  30 An. 1182.  So that, at the time our original decree was rendered herein, E. T. Parker was no longer capable of standing in judgment as appellant.  He administered only in virtue of his office ; and in that capacity alone did he have authority to take the appeal. His successor in office must be substituted for him; and the legal representative of Mrs. Antoinette Navarre must be made a party in her room and stead, in the manner prescribed by law and the rules of this court; and in the meantime, we can only reinstate the case on the docket, in the condition in which it was up to the time of filing the motion to dismiss, eighth April, 1878.

Our former decree dismissing the appeal is therefore set aside and annulled ; and the case is reinstated on the docket, in the condition in which it was at the time the motion to dismiss was filed, and as if that motion had not been made, reserving to the parties interested the right to have proper parties made, and to proceed in the cause when such parties shall have been made.

And it is further ordered that Mrs. Jean Baptiste Ducoing pay the costs occasioned by her motion to dismiss.