HON. CHARLES E. FENNER, ⎫
HON. LYNN B. WATKINS, ⎪
HON. SAMUEL D. McENERY, ⎬ *Associate Justices.*
HON. JOSEPH A. BREAUX, ⎭

| 43 | 1071 |
|----|------|
| 44 | 801 |

## No. 10,822.

### SUCCESSION OF ROBERT FRANK ALLEN.

In appeals by third persons, not parties to the judgment in the court below, when the facts on which the right of appeal is based have not been established, and are denied by appellee, the case will be remanded to the lower court to try that issue.

APPEAL from the Civil District Court for the Parish of Orleans. *King, J.*

---

*Kernan & Laycock* and *Fergus Laycock* for Appellants :

1. *Ex parte* evidence of interest is sufficient to support an appeal taken by a third person, under Article 571 of the Code of Practice. Payne vs. Ferguson, Curator, 23 An. 582, Cooley vs. Cooley, 38 An. 197.

Succession of Allen.

2.  The maxim " *le mort saisit le vif,*" does not apply to the surviving spouse claiming as heir. She has only a right of action to establish the want of heirs, in default of whom she takes as irregular successor. R. C. C. 949, 930.

3.  This right of action must be exercised contradictorily with all parties in interest, and can not be established by *ex parte* proceedings. If there be absent heirs, an attorney for absent heirs must be appointed to represent them. R. C. C. 930; Suc. of Fleming, 18 An. 727; Suc. of Fletcher, 11 An. 61.

4.  A final judgment rendered by a judge of the Civil District Court of Orleans, other than the judge to whom the case was allotted, is absolutely null, unless the party against whom it was rendered acquiesces impliedly or expressly in the competency of the judge. If he do so acquiesce, then the judgment is relatively null, and will be so declared on appeal. Constitution, Art. 130; Buisson vs. Judge, 33 An. 1426.

*Henry C. Miller, contra:*

The order recognizing and putting in possession the heir and widow in community of the deceased, is properly rendered on the petition of the heir and widow, accompanied with proof supporting the demand. C. C., Arts. 940, 941; C. P., Arts. 1000, 1001; Addison vs. Bank, 15 La. 527.

Such an order may be made by the judge acting in place of the judge to whom the succession is allotted. Constitution, Art. 130; Acts 1882, amending Constitution p. 174; 33 An., p. 1426.

The opinion of the court was delivered by

FENNER, J.   The appellants claim to be heirs of the decedent, Allen, and appeal as third persons, from a judgment rendered in the court *a qua*, recognizing his widow as sole heir, and putting her in possession of the estate, to which judgment the appellants were not parties.

Their interest in the proceeding and their right to the appeal are based on their allegation of heirship, which is based on no proof save the *exparte* affidavit of one of them attached to the petition of appeal in the lower court and verifying the facts therein alleged.

The appellee has filed a formal answer to the appeal in this court, in which she denies that appellants are relations or heirs of deceased, or have any interest whatever to maintain an appeal.

The jurisprudence of this court settles, beyond dispute, the course to be pursued in such a case. If a third person appeal, and the facts on which his right of appeal is based be denied, the case will be remanded to try that issue. Hermann vs. Smith, 6 N. S. 161; Oakey vs. Phillips, *Id.* 306; Taylor vs. Jeffries, 10 La. 438; Désormes vs. Désormes, 15 La. 15; Suc. Henderson, 2 Rob. 391; Suc. Lauve, 6 An. 579; Suc. Bailey, 24 An. 486.

These authorities are not controverted or overruled by those cited by appellant, viz.: Payne vs. Ferguson, 23 An. 581, and Cooley vs. Cooley, 38 An. 197.

In the first, the allegation that appellant was a creditor was sustained by an authentic copy of his judgment annexed to his petition.

In Cooley's case there was no denial that appellant was a creditor, but merely a denial of his right of appeal as a legal consequence of his being a creditor.

We find some difficulty in understanding the object of this appeal, or how the judgment appealed from practically aggrieves appellants, since they were not parties thereto, and it can not operate as *res judicata* against them. Sue vs. Viola, 2 An. 986; Williams vs. Trepagnier, 4 N. S. 343; Young vs. Cenas, 1 N. S. 308.

If, however, they are heirs, and desire to annul this judgment by appeal, we can not controvert their right to appeal. But they must first establish their right and interest.

It is, therefore, adjudged and decreed that this cause be remanded to the lower court, with directions to the judge to hear testimony as to the heirship of appellants and their right to appeal.