No. 10,951.

J. K. OBER ET AL. VS. EXCELSIOR PLANTING AND MANUFACTURING COMPANY.

1. An appeal by a third person not a party but who appears in the capacity of receiver of the defendant corporation will be dismissed, when the order appointing him such receiver attached to his petition of appeal shows upon its face that it was made *ex parte* and without notice to the corporation.

2. Section 688 of the Revised Statutes does not authorize the forfeiture of the charter of a corporation and the appointment of a receiver by *ex parte* order without notice. The statute discussed and construed.

APPEAL from the Ninth District Court, Parish of Concordia. *Young, J.*

J. L. Dagg for Plaintiffs and Appellees.

D. C. & L. L. Labatt for Defendant and Appellant.

The opinion of the court was delivered by

FENNER, J. The appeal is taken by H. N. Soria, who alleges that he has been duly appointed commissioner and receiver of the defendant corporation.

He annexed to his petition of appeal an extract from the minutes of Division D, of the Civil District Court for the parish of Orleans, of proceedings in a case entitled Smith, Limited, vs. Excelsior Planting and Manufacturing Co., reciting that "On motion of D. C. & L. L. Labatt, of counsel for plaintiffs, and on suggesting to the court that, in the above entitled suit, plaintiffs have issued an execution, which has been duly returned by the civil sheriff of this parish, *nulla bona*, it is ordered by the court, under and by virtue of Sec. 688 of the Revised Statutes of Louisiana, that the charter of the Excelsior Planting and Manufacturing Co. is hereby forfeited for insolvency, and that H. N. Soria be and is hereby appointed commissioner for effecting its liquidation, and also as receiver," etc.

This purports, on its face, to be a purely *ex parte* order, entered without any notice whatever to the corporation; and the appellee assigns, as ground for the dismissal of the appeal, that it is a patent and absolute nullity, conferring upon the appellant no right to intervene in these proceedings or to appeal from the judgment therein rendered.

No general principle is more firmly founded in reason and justice, or better recognized by authorities, than that announced by Mr. High, as follows:

"Courts will not exercise their statutory power of appointing receivers over an insolvent corporation upon an *ex parte* application, and without giving the defendant an opportunity to be heard; but upon filing a petition duly verified, setting forth the grounds on which the application is based, an order to show cause should issue and a copy thereof should be served upon the officers of the corporation, directing them to show cause, on a future day, why the application should not be granted." High on Receivers, Sec. 346.

Appellant relies upon Sec. 688 of the Revised Statutes, which, in treating of this class of corporations, provides:

"They shall forfeit their charters for insolvency, evidenced by a return of no property found on execution; and, in such case, it shall be the duty of the District Court, at the instance of any creditor, to decree such forfeiture and to appoint a commissioner for effecting

the liquidation, whose duty it shall be to convert all the assets of the company, including any unpaid balances due by stockholders on their shares, into cash, and to distribute the same, under the direction of the court, amongst the parties entitled thereto, in the same manner, as near as may be, as is done in cases of insolvency of individuals."

The most critical study of this statute fails to furnish to our minds the slightest reason for supposing that it was intended to authorize any such summary proceeding, without notice, as that here presented.

The statute provides a particular ground for forfeiture of charter; it authorizes *any* creditor to invoke the forfeiture. on such ground; and it invests the District Court, meaning *any* District Court having jurisdiction of the parties, with jurisdiction of such cases. It does not confine the relief to the particular creditor at whose instance the execution was issued, nor to the particular court from which it was issued, nor does it make the proceeding necessarily an incident of the particular suit wherein the execution was invoked. The statute evidently contemplates a judicial proceeding and does not prescribe the special form thereof. In two former cases we had under consideration an analogous statute, being Sec. 4 of Act 47 of 1873, viz.:

"That the tax collectors shall be, and they are hereby, authorized to give a title in the name of the State of Louisiana to all persons purchasing property sold in pursuance of this act; and such title shall be held in, and recognized by, the courts of this State as valid in law; upon the presentation of a title so given, to the district or parish court, it shall be the duty of the judge to order the sheriff to put such persons in possession of the property so purchased by them."

Under that statute a purchaser conceived that he had an unqualified right to demand an order of possession without notice to adverse parties. But this court said: "As the act does not declare in express terms that the order to the sheriff to put a purchaser in possession shall issue without notice, we may well construe it as adopted with reference to the general laws relating to summary proceedings in the courts of the State, and as authorizing the District Court, to which application is to be made, to require the necessary legal notice to be issued to the party to be ousted, and to dispose of the contest in a summary manner." State ex rel. Norcross vs. Judge, 27 An. 705.

In a later case we cited the above with approval, and further emphatically held that if the statute were construed to authorize a proceeding without notice, it would be void, as not being "due process of law." Fischel vs. Mercier, 32 An. 704.

We need not quote from the last case, but a reading of it will throw light upon the principles involved in the proper construction of the statute now before us and the proceedings authorized thereby.

We have said enough to sustain our conclusion that the *ex parte* order presented by appellant as the muniment of his right to intervene in this case and invoke a review of the judgment rendered is an absolute nullity and confers on him no right to stand in judgment on this appeal.

We do not exercise our appellate jurisdiction except at the instance of those who exhibit a legal right and interest to demand it.

When the right of a third party to appeal has not been established contradictorily in the lower court, and is denied in this court, it is our practice to remand the issue for separate trial in the court below. Succession of Lauve, 6 An. 529; Griffing vs. Bowmar, 3 Rob. 112; Anselm vs. Willson, 8 Louisiana, 36; Brown vs. Williams, 12 La. 614.

But in this case, it being apparent on his own showing that he is without right, remanding would be useless.

It is therefore ordered that this appeal be dismissed at appellant's cost.

## ON APPLICATION FOR REHEARING.

FENNER, J. We have given grave consideration to the points and authorities urged in this application.

1. We discover therein no suggestion tending to contradict the *facts* on which the opinion was based, to-wit: that the decree (if such it can be called) forfeiting defendant's charter and appointing a receiver was rendered upon an *ex parte* motion, without any notice or attempted notice, and under the supposed authority of Sec. 688, Revised Statutes.

2. The more we study the statute the more firmly are we convinced of the correctness of the construction we have placed upon it, and that it does not authorize or contemplate any such proceeding as that here presented.

The so-called decree, finding no support in the statute, stands just as it would if there were no such statute.

3. The nullity is absolute, and it is patent on the face of the decree itself.    Authorities denying collateral questioning of such orders have no application to intrinsic and patent absolute nullities.

4. The claim that a receiver represents the corporation and is not subject to the rules governing appeals by third persons involves a *petitio principii*.    If appellant is not receiver, he is certainly a third person without any pretence of right to appeal.    He is not a receiver because he calls himself so.    He presents his alleged title to the office, which, upon its face, is an absolute nullity, conferring no title whatever.    He himself shows that he is not receiver.    What, then, is he, if not a third person undertaking to appeal from a judgment in which he sets up no other interest whatever?

5. This case presents no analogy to that of Starke vs. Burke, 5 An. 740.    There the corporation had been for years in liquidation before the court, which held all its affairs in *gremio legis*, under statutes regulating the liquidation.    The liquidator, in charge under direction of the court, was destituted by a decision of this court declaring the law under which the Governor had appointed him unconstitutional. The court thus found itself in control of the affairs and property of the corporation without any legal representative to manage them. Under such circumstances this court sustained the judge in appointing a receiver, saying:    "The court, *ex proprio motu*, was bound to prevent the confusion and dilapidation consequent upon the abandonment of its affairs, produced by the inefficiency of the law under which Starke had taken possession of and continued to hold the records, papers and assets of the company.    The proceedings for the forfeiture of the charter and the liquidation, as far as it had progressed, being before the Fifth District Court, we think the court properly exercised its authority in making the appointment."

In Baker vs. Portable Company, 34 An. 754, we referred to the above case, and held that, in this State, "courts have no jurisdiction to appoint receivers for corporations in absence of express statutory authority.    This court has recognized no exception to this rule, unless where the corporate property is abandoned or where there are no persons authorized to take charge of or conduct its affairs."

Holding that, on the face of the title presented by himself, it fully appears that appellant's appointment rests on no statutory authority,

but is based on a statute which did not authorize it, we are bound to maintain our decree.

Rehearing refused.