(97 South. 658)

No. 25967.

**BARATARIA LAND CO. v. LOUISIANA MEADOWS CO.**

(July 11, 1923.　Rehearing Denied Oct. 2, 1923.)

*(Syllabus by Editorial Staff.)*

1. Appeal and error ⚖➡151(6)—Allegation and showing of pecuniary interest is foundation of third person's right to appeal.

Under Code Prac. art. 571, providing that right of appeal is given to third persons, who allege that they have been aggrieved by the judgment, allegations and showing of pecuniary interest affected by the judgment is foundation of the right to appeal.

2. Appeal and error ⚖➡151(6)—Matters dehors the record not considered in determining right to appeal.

In passing on right of party's vendors to appeal from judgment in suit establishing boundary line, the court cannot consider matters dehors the record, and recital of alleged facts in their petition, when not supported by the record, must be disregarded.

3. Appeal and error ⚖➡151(6)—Vendors held not entitled to appeal in suit to establish boundary.

In suit to establish boundary lines, plaintiff's vendors, who do not allege that they made any warranty, but allege that erroneous boundary lines were established by secret understanding between plaintiff and its transferee, and that plaintiff, pretending to have retained action of warranty, have sued in warranty, are in no way bound by the judgment, and have no interest entitling them to appeal.

4. Boundaries ⚖➡30—Plaintiff's vendors could not be called as warrantors.

Plaintiff's vendors could not have been called as warrantors in a suit the only purpose of which was to establish boundary line between adjoining properties owned by other persons.

Dawkins, J., dissenting.

Appeal from Twenty-Eighth Judicial District Court, Parish of Jefferson; Prentice E. Edrington, Sr., Judge.

Suit by the Barataria Land Company against the Louisiana Meadows Company, in which Mrs. Anna B. Davidson, individually and as executrix of Charles P. Davidson, Sr., deceased, was substituted as plaintiff, and in which Dr. T. L. Wolfe and others appeared and attempted to appeal. Appeal dismissed.

Borah, Himel, Bloch & Borah, of Franklin, for Dr. John Wolfe.

Alexis Brian, of New Orleans, for succession of Davidson.

On Motion to Dismiss Appeal.

BRUNOT, J. This is a suit to fix the eastern boundary of the property described in the peti-

tion. The district court rendered judgment in favor of the plaintiff, fixing the boundary line in dispute in accordance with the prayer of the original petition. From this judgment the defendant appealed, and this court handed down a decree reversing the judgment of the lower court and remanding the case, for the reason that the data contained in the record were not sufficient to enable the court to fix the true location of the disputed boundary. 146 La. 999, 84 South. 334.

A supplemental petition was filed in the district court, substituting Mrs. Anna B. Davidson, individually and as executrix of Charles P. Davidson, Sr., deceased, as the parties plaintiff; the Davidsons having in the interim acquired all of the property of the Barataria Land Company which is involved in this suit. The supplemental petition also alleges that the Wisner Estate, Incorporated, is a necessary party to the suit, because Mrs. Mary Jane Wisner had acquired a certain described portion of the lands forming a part of the disputed boundary, and that Mrs. Wisner had sold said lands to the Wisner Estate, Incorporated. With these plaintiffs and defendants before the court, plaintiff applied to the court and secured the appointment of a reputable and experienced civil engineer to make a survey and to relocate the line dividing the lands of plaintiff from those of defendants, as it was originally established by Rightor & McCallom, the United States government surveyors.

After notice to the owners of the property and to the author of the Barataria Land Company's title, a survey was made, and on March 6, 1922, the judicial surveyor, Mr. Frank T. Payne, filed a procès verbal and plan of the survey. A rule issued to show cause why the procès verbal and plan of survey made by Mr. Payne should not be approved and homologated, and why the line fixed therein should not be decreed to be the true division line between the lands of the succession of Charles P. Davidson, Sr., and those of the defendants. Defendants accepted service of the rule, and a consent judgment was rendered thereon; the judgment decreeing the lines established by said procès verbal and plan of survey to be the correct boundary lines of said properties. This judgment was signed on March 18, 1922. On the 17th day of March, 1923, Dr. T. L. Wolfe, individually, and Dr. T. L. Wolfe and Grace G. Wolfe, administrators of the estate of Dr. John Wolfe, deceased, filed a petition in this suit, in the district court, alleging therein that the Barataria Land Company, the original plaintiff, acquired the property described in plaintiff's original petition, without warranty, from Oscar D. Weed, and that Oscar D. Weed acquired the said described property from petitioners; that as the author of Weed's title appearers had an interest in the results of the survey and the location of the boundary line; that said interest was recognized by Frank T. Payne, civil engineer and surveyor, by notice to appearers that he would, on October 3, 1921, proceed to make a survey of said lands; that appearers had a representative present when the survey was made; that after the field work was completed appearers' representative returned to Iowa, being first assured by Frank T. Payne, the judicial surveyor, that when the map showing the result of the field work was completed it would be submitted to him before filing it in court; that relying upon this understanding, and believing that when the procès verbal and plan of survey was filed that it would correctly establish the lines in accordance with the original government survey, appearers did not secure counsel to guard their interests; that they were not notified of the filing of the procès verbal in court, and only obtained knowledge of the fact several months after the consent judgment was rendered; that the line located in the procès verbal and survey filed by Frank T.

Payne is erroneous, and conflicts with the lines as originally established by Rightor & McCallom; that the Barataria Land Company filed suit in warranty against appearers in the United States District Court of Iowa, pretending that by reason of the Payne survey it was divested of about 1,600 acres of land, the area called for in its deed from appearers being reduced that acreage; that the Barataria Land Company and the succession of Charles P. Davidson, Sr., had a secret understanding by which the boundary lines of the property were erroneously established, and as a result of this understanding the Barataria Land Company pretends to have retained its action in warranty against appearers; and that as aggrieved third parties in interest they are entitled to a devolutive appeal from the judgment rendered herein.

Appellants applied for and obtained an order of this court consolidating the transcripts in the suits "Barataria Land Company v. Louisiana Meadows Co.," No. 22081 of the docket of this court, and "Barataria Land Company v. Louisiana Meadows Co.," No. 25,967 of the docket of this court, the consolidated suits to be considered as one suit, and to have the same effect as if both suits were included in one transcript.

The substituted plaintiff, the succession of Charles P. Davidson, Sr., represented by its executrix, moves this court to dismiss the appeal for the following reasons:

First. Because appellants have no pecuniary interest in the cause and there is no showing in the record that they have been aggrieved by the judgment.

Second. Because appellants were advised of the pendency of this cause in the lower court and they did not raise any issue or make any appearance therein.

Third. Because appellants are improper parties to this suit, either in the court below or in this court.

Fourth. Because appellants have no interest appealable or otherwise in the res or subject-matter of the judgment appealed from.

Fifth. Because there is no showing that the judgment was erroneous as between the parties or that appellants' interest was affected thereby.

Sixth. Because appellants' reliance is upon proof not before this court and the real purpose of the appeal is to delay proceedings in another court in which appellants are called to respond to their warranty obligations.

## Opinion.

[1] The appeal in this case is taken under the provisions of article 571 of the Code of Practice, and this court has repeatedly held that a third person, not a party to the suit, may appeal from the judgment by alleging and showing pecuniary interest in the premises.

The allegation and showing of a pecuniary interest that is affected by the judgment is the foundation of the right to an appeal. Louisiana Mut. Ins. Co. v. Costa, 32 La. Ann. 3; State ex rel. Doyries v. Yoist, 25 La. Ann. 397; Succession of Henderson, 2 Rob. 391; Ober v. Excelsior Planting & Mfg. Co., 44 La. Ann. 570, 10 South. 792; State ex rel. Byerly v. Judge of Eighth Dist. Court of New Orleans, 23 La. Ann. 768; Silverstein v. Stern, 21 La. Ann. 743; Fazende v. Flood, 24 La. Ann. 426; State ex rel. Pecot v. Parish Judge, of Parish of St. Mary, 27 La. Ann. 184; Rathbone v. Parish of St. James, 28 La. Ann. 324; Flagg v. Parish of St. Charles, 27 La. Ann. 319; State v. Belden, 17 La. Ann. 320; Succession of Edwards, 34 La. Ann. 216; McCoy v. Hunter, 3 Rob. 118; Keys v. Riley, 12 La. Ann. 19; Malone v. Her Husband, 10 La. Ann. 84; Compton v. Compton, 6 Rob. 156; Pillot v. Cooper, 7 La. Ann. 656; Masse v. Barthet, 2 Rob. 69; State v. Judge of Fifth Dist. Court, 31 La. Ann. 823; Succession of

Bailey, 24 La. Ann. 486; State v. Judge of Sixth Dist. Court of Parish of Orleans, 22 La. Ann. 176; Lapin v. Lapin, 21 La. Ann. 52; State ex rel. Hillman v. Dubuclet, 24 La. Ann. 16; Succession of Clark, 30 La. Ann 801; Succession of Allen, 43 La. Ann. 1071, 10 South. 304; Cooley v. Cooley, 38 La. Ann. 196; Payne v. Ferguson, 23 La. Ann. 582; State v. Graham, 25 La. Ann. 627; State v. Judge ad hoc of Second Dist. Court of Parish of Orleans, 29 La. Ann. 397; Levert v. Shirley Planting Co., 135 La. 930, 66 South. 301.

The question which is presented to us, the decision of which will dispose of the motion to dismiss, is whether or not the record shows that the appellants have a pecuniary interest in the res or subject-matter of this suit, and whether or not they are pecuniarily aggrieved by the judgment appealed from. All other pleas made are merely incidental thereto, and are of importance only as aids in the consideration and decision of this decisive question.

It is shown that the Barataria Land Company acquired the property from Oscar D. Weed, without warranty, and this deed recites that Weed acquired the property from the appellants for the Barataria Land Company, the original plaintiff in the suit. The deed from appellants to Weed is not in the record, and there is nothing in the record to show that Weed's vendors warranted the title to him.

The case was before this court in 1920, and Chief Justice Monroe, in disposing of an exception of nonjoinder, which was considered in the opinion then rendered, says:

"As the purpose of the suit was merely to establish the boundaries between the land of the litigants, it was unnecessary, though it might have been desirable, to bring in parties whose rights are not sought to be affected, and cannot be affected, unless they are brought in." 146 La. 999, 84 South. 334.

[2] In passing upon the question presented this court cannot consider matters dehors the record, and therefore the recital of alleged facts in appellants' petition, which are not supported by the record, must be disregarded.

[3, 4] Appellants base their right to an appeal upon the allegations that the judgment appealed from is erroneous; that it is contrary to the law and the evidence; and, as third parties in interest, they are aggrieved by it. They do not contend that they have an interest in the res or subject-matter of the suit. Their only alleged interest is based entirely upon matters dehors the record. They do not allege that as Weed's vendor they sold the property to Weed with warranty, but the allegation is that the Barataria Land Company had a secret understanding with the succession of Charles P. Davidson, Sr., whereby erroneous boundary lines were established, and the Barataria Land Company, pretending to have retained its action of warranty against petitioners, filed suit in warranty against petitioners in the United States District Court of Iowa. Considered in its strongest light, this is a problematical and doubtful interest which would require proof to establish it. Bland v. Edwards, 52 La. Ann. 822, 27 South. 289; Levert v. Shirley Planting Co., 135 La. 932, 66 South. 301; Silverstein v. Stern, 21 La. Ann. 743; Louisiana Ins. Co. v. Costa, 32 La. Ann. 1; Succession of Henderson, 2 Rob. 391; State v. Judge ad hoc of Second Dist. Court of Parish of Orleans, 29 La. Ann. 397.

An examination of the record shows that the proceedings in the lower court were regular; that the procès verbal and plan of survey filed by Mr. Payne was accepted by the parties to the suit as the true boundaries of the properties; that all owners of property affected by the Payne survey were before the court; and that a consent judgment was rendered, approving the survey and fixing the lines established thereby as the true boundary between the properties of the plain-

tiffs and defendants. Appellants were not parties to the suit, and could not have been called as warrantors in a suit the only purpose of which was to establish a boundary line between adjoining properties owned by other persons. We are therefore of the opinion that appellants are not in any way bound by the judgment in this suit, and they have no interest of record which can be affected by it.

For these reasons the appeal is dismissed, at appellants' cost.

DAWKINS, J., dissents.