WESTERN DIST.
October, 1836.

FRIEND
*vs.*
GRAHAM'S
ADMINISTRATOR.

Where an appeal is taken by a party not in the record, and his interest is denied and does not appear by the original proceedings, the case will be remanded, to inquire into the interest of the appellants.

---

FRIEND *vs.* GRAHAM'S ADMINISTRATOR.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF CARROLL.

When an order of appeal is made on the back, or at the foot of the petition, its deficiencies as to description or setting for the court, time and manner of taking the appeal, may be supplied by a reference to the petition.

When an appeal from the Probate Court is prayed for *according to law*, it will be considered as made to the Supreme Court.

Debts of a succession, like those of the estate of a ceding debtor, are of a higher dignity, and are to be paid before those of the deceased, or of the insolvent.

The services of an attorney who draws up the petition and schedule of an insolvent debtor, create a claim on the estate surrendered, which is not to be placed on the tableau as a debt of the insolvent. These services enure to the benefit of those who have an interest in the estate surrendered.

So the services of an attorney, in procuring the removal of an administrator, enures to the benefit of the succession; that is, the creditors and heirs. The claim for services should, therefore, be paid out of the funds of the succession, although the attorney was employed at the request of some of the heirs.

This is an action against the administrator of an estate, for counsel fees. The plaintiff alleges, that as counsellor and attorney at law, he rendered professional services to the estate, of which the defendant is administrator, for which he charges the sum of five hundred dollars, according to an account annexed. That said administrator refuses to allow his account as a charge upon the estate of the decedent; wherefore he prays judgment for the amount of his claim.

The defendant pleaded a general denial, and further averred, that if the services mentioned in the petition were performed, it was a personal charge on the persons employing the petitioner, and not a debt of the deceased, and for which her succession was not liable.

The evidence showed that the plaintiff had been employed by the heirs of the deceased, against one Tompkins, who claimed to be curator of the decedent's estate, to have him removed as an unfit person to have the management thereof.

The plaintiff proved that his services were worth the sum charged. The judge of probates gave judgment against the defendant in his capacity of administrator, for the amount of the plaintiff's demand. The administrator appealed.

*Winn*, for the plaintiff, moved to dismiss the appeal, because no appeal is prayed to any court, but is only asked for in due course of law, &c.

*Selby*, for defendant, stated that an appeal was prayed for and security offered according to law, and that the order granting the appeal made it returnable to Alexandria, the first Monday in October, 1836, which was sufficient, this being the day the Supreme Court meets there.

WESTERN DIST.
October, 1836.

FRIEND
vs.
GRAHAM'S
ADMINISTRATOR.

2. The attorney was employed by the heirs, and they alone should be chargeable with the fee. It is a debt of theirs and not a debt of the succession.

*Barry,* for the plaintiff, stated that there was evidence in the record to show that the services, for which compensation is claimed, were rendered, and that the sum charged is very reasonable.

*Martin, J.,* delivered the opinion of the court.

The dismissal of this appeal is prayed for on the ground that it is not expressly made returnable to this or any other court.

When an order of appeal is made on the back or at the foot of the petition, its deficiencies as to description or setting for the court, time and manner of taking the appeal, may be supplied by a reference to the petition.

As the order granting the appeal is made at the foot, or on the back of the petition, any deficiency thereon may be eked out by a resort to that document. The appeal was not prayed for expressly to this or any other court, but was asked for according to law. There could not be a stronger implication that it was intended to be to this court, as an appeal could be made to no other. The judge in his order made the "appeal returnable to Alexandria, the first Monday of October," the time and place provided by law for the return of appeals to this court. It is impossible to conclude, from an examination of the petition and order of appeal, that the tribunal to which it was intended to be addressed, could be mistaken. The appeal must, therefore, be sustained.

When an appeal from the Probate Court is prayed for *according to law,* it will be considered as made to the Supreme Court.

Debts of a succession, like those of the estate of a ceding debtor, are of a higher dignity and are to be paid before those of the deceased, or of the insolvent.

The plaintiff sought remuneration for professional services rendered the succession, in procuring the removal of a former curator. His claim is resisted on the ground that it is not a debt of the deceased, but of those of the heirs, by whom the plaintiff was employed. Debts of a succession, like those of the estate of a ceding debtor, are of a higher dignity than, and are to be paid before those of the deceased or of the insolvent. In the case of Morel *vs.* Misotere's Syndics, 3 Martin, 363, this court held, that the services of the attorney who had drawn up the petition and schedule of the insolvent, created a claim on the estate surrendered, and was not to be placed on the tableau as a debt of the insolvent, the

The services of an attorney who draws up the petition and schedule of an insolvent debtor create a claim

court being of opinion that the services of the attorney were rendered for, and enured to the benefit of all the creditors who had an interest that the cession should be made, and consequently they were bound to make compensation for the professional services of the attorney, although they were not rendered at their request.

Claims or debts against a succession, as contradistinguished from those of the deceased, do not entitle the creditor to the curatorship of the succession. *Holland* vs. *Wheaton*, 6 *Louisiana Reports*, 443.

In the present case the removal of the curator enured to the benefit of the succession, i. e. the creditors and heirs, *qui sentit commodum, debet sentire et onus.*

If the succession, after paying the creditors of the deceased, leave nothing for the heirs, the former will be exclusively benefited by the services of the plaintiff. Should there be a surplus for the heirs, then the debts of the succession will be taken therefrom. In either case justice will be done.

The Court of Probates did not err in sustaining the claim of the plaintiff against the succession, although the services were rendered at the request of some of the heirs.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be affirmed with costs.