### HARRISON A. SMITH *versus* ALBERT LYFORD & *al.*

If a counsellor and attorney at law is employed by the principal to defend an action against himself and two sureties, upon a note signed by them, such employment will not, of itself, make the sureties holden for the payment of the bill for services in the defence, without the consent of the sureties, either through the agency of the principal or in some other way, that such attorney should be employed as their attorney.

EXCEPTIONS from the Middle District Court, REDINGTON J. presiding.

Assumpsit against Albert Lyford, Joseph Marston and Enos Foster. The plaintiff proved that he rendered professional services to the amount of the services and disbursements charged, in defence of a suit in favor of Jewett, on a note given by Lyford, as principal, and the other defendants as his sureties, in the District and S. J. Court from 1839 to 1842, he being the only counsel in defence.

It appeared from the exceptions, which give all the testimony in the case, that the plaintiff and all the defendants lived in the same village; that Lyford applied to the plaintiff to defend the suit; that Marston, one of the other defendants, requested

a witness to attend Court for the defence, and said, Lyford would pay him, but on the refusal to attend, promised to pay if Lyford did not, and afterwards paid the witness; that at another time, during the pendency of the suit, there was a conversation between the plaintiff and Marston, in which the former requested the latter to advance the jury fees, and he refused, and told the plaintiff "that he would have nothing to do with it," the conversation having commenced by the plaintiff asking Marston what he was going to do about the Lyford case, when Marston replied, "what Lyford case?" the plaintiff answered, Jewett's, where you and Foster are sureties; to which Marston replied, he supposed it was settled long ago. A witness testified, that he thought he saw Foster in Court at the first trial. Lyford had become insolvent.

REDINGTON, the presiding Judge, instructed the jury, that the joint liability of the defendants in the original suit, and their being jointly sued, would not of themselves alone authorize Lyford, the principal in the note, to employ counsel so as to render the other defendants liable for his fees and disbursements in defending that suit; that the plaintiff must further prove, that he was employed by consent of each of the other defendants as his counsel; that such consent might be proved by any such declarations or acts as would show their recognition, that the plaintiff was acting as their attorney; that the plaintiff's name, under that action on the docket, was not sufficient evidence of such consent; that if the jury found that Marston and Foster had knowledge of the employment of the plaintiff, by Lyford, as counsel to defend the suit, and if they knew he was defending it, they would not be liable, unless it was proved that Marston and Foster, through the agency of Lyford, or in some other way, consented that the plaintiff should be employed as their attorney in defending the suit.

The jury were requested to answer the following question. Is it, or is it not, proved that Marston (either through the agency of Lyford or in some other way) consented that Mr. Smith should be employed as *his attorney* in answering to the

former suit? The answer was, It is not proved. A similar question was put, and like answer given, as it respected Foster.

The verdict being in favor of Marston and Foster, the plaintiff filed exceptions.

*Smith* argued *pro se*, citing the following authorities. 9 Mass. R. 300; 8 Dow. & Ry. 289; 8 Cowen, 253; 20 Maine R. 83; 11 Wend. 78; 16 Maine R. 77; 7 Greenl. 121; 11 Mass. R. 34; 14 Mass. R. 172; 3 Fairf. 293.

*Bradbury* and *Noyes* argued for the defendants, Marston and Foster, citing 3 Kent, 23; 5 Mass. R. 407; 6 Pick. 198; 12 Mass. R. 565; 2 Stark. Ev. 130; Chitty on Con. 563.

The opinion of the Court was prepared by

TENNEY J. — This is an action of assumpsit to recover the disbursements made and the services rendered by the plaintiff in defending a suit upon a note of hand given by Lyford, as principal, and the other two defendants, as sureties. The jury have found that the sureties did not employ the plaintiff; but he insists that they are holden by a promise implied from their being defendants in the same action with Lyford, who did employ him.

The note was sufficient evidence of indebtedness of the makers to the holder, unless some matter was shown in defence to prevent a recovery. It was also evidence of a liability of the principal to the sureties, if they should pay it, after its maturity. The relation between principal and surety is such, that if the latter will take up the obligation, it is not in the power of the former to prevent it, and thereby cause a delay, not contemplated in the contract, and expose the surety to the risk of paying the debt, after the principal's means of making indemnity may be diminished. The principal is under an inducement to defend a suit, which may not operate with the sureties, if he thinks he can do it successfully. If he prevails, he is relieved from his liability to the other party, and also to the sureties. The sureties in any event have the security of the promise of the principal, if they pay the debt, either vol-

Smith *v.* Lyford.

untarily or by compulsion. If they pay the debt, without giving him an opportunity to defend an action brought for its recovery, he may be liable therefor to them, notwithstanding he had a defence, which might prove to be perfect. For his protection, they may be willing not to take away his power of resisting the claim, by payment or suffering a judgment against themselves. But because he thinks proper to deny his obligation to fulfil the promise, which he has made, we do not perceive that a presumption is raised, that they wish to do the same. The most that can be presumed, from their silence, and omission to pay the debt is, that they interpose no objection to the denial of payment on his part.

It it contended, that the sureties having knowledge that the plaintiff was rendering services in defending the suit, and they receiving the benefit thereof, are therefore holden. This by no means follows. Their liability must depend upon the fact, whether an express promise to pay him or not was made, or whether a promise was implied by law. One may receive very important benefit from the services of another, and be under no obligation to remunerate him therefor. Benefits derived from such services, known at the time by the one receiving them, may often be strong evidence of a promise to make compensation ; but where it appears that they were rendered upon another's credit, or other consideration, no liability is created. The instructions of the Judge to the jury were not inconsistent with established legal principles, and the

*Exceptions are overruled.*