MACKOY<br>*v.*<br>HOLTON.

~~~~~~~~~~~~~~~~~~~~~~~~~~~

## THOMAS J. COOLEY AND SIDNEY A. LACOSTE *v.* CECILE, f. w. c.

It often occurs that the valuable services of counsel enure to the benefit of others than those who have employed them. Large interests often include small ones in matters of litigation. For such services counsel cannot recover against parties who did not employ them.

APPEAL from the District Court of the Ninth Judicial District, parish of Point Coupée. Plaintiffs in *pro. per. Provosty* and *Roy*, for defendant and appellant.

EUSTIS, C. J. (SLIDELL, J. dissenting.) This suit is instituted to recover the amount of a fee for professional services, rendered the defendants by the plaintiffs, as attorneys and counsellors at law, in the case of *Marcelin Mayer* et al. v. *Virginie Esneault*, vide 7 Ann. Rep. The services were rendered in sustaining the will of Mr. *Simon Porche.* The amount claimed was five hundred dollars; the plaintiffs recovered the sum of three hundred and fifty dollars, and the defendant has appealed.

The succession, which was secured to the universal legatee by the services of the plaintiff, was valuable, and it is certain that, in maintaining the interests of their principal client, the defendent had the benefit of them. Her interest, however, was small comparatively, and was concurrent with that of the universal legatee in that suit. She had no separate interest to be defended, because if her legacy failed, it would have enured to the benefit of the principal defendant, the universal legatee, and we so decided.

The present defendant was made a party defendant in the suit, and the plaintiffs filed her answer as well as that of the principal defendant.

It is denied that the defendant ever employed the plaintiffs, and, it is contended by the plaintiff, that the fact is established by two circumstances: one is the signature of the defendant to a release in favor of a witness which was in the handwriting of one of the plaintiffs. We find, on examining the copy of the release, that it does not bear the signature of the defendant; it has a mark (✗) which may have been intended for it. There is no explanation of the circumstances under which this mark was appended to the release, nor of the understanding of the party as to its purposes, and the uses to which it was to be applied. And we think that such an explanation ought to have been given, in order to bind the defendant by it to the extent contended for by the plaintiffs. But this shows the defendant was unable to write her name, and it would be obviously unjust to hold a person of this condition to the same knowledge and consequences which an act of this kind on the part of business persons would imply.

The other circumstance, relied upon to prove the plaintiffs' employment by the defendant, is their possession of the copy of the petition and citation served on the defendant. In considering the object of this suit we must again refer to

the condition of the defendant, as to all legal matters, one of absolute depend-
ence. The possession of these papers, it is plain, proves nothing except the
fact. The plaintiffs were employed by those entrusted with the business of the
universal legatee, and as no communication is proved to have taken place be-
tween them and the defendant before the trial, the case rests upon the weight
to be attached to the release.

It often occurs that the valuable services of counsel inure to the benefit of
others than those who have employed them. Large interests often include small
ones in matters of litigation. As we said in the case of *Roselius* v. *Delachaise*,
5th Annual Reports, 481, for such services counsel cannot recover against parties
who have not employed them.

Our impression is that it became the duty of the universal legatee, the testa-
mentary executor having died, to sustain and execute the will. The plaintiffs
maintained in their argument that the heirs had no right to impugn the rights of
the defendant as long as the will stood unimpeached, inasmuch as they were
without interest in respect to them. It is plain that the main defence covered
the rights of the defendant, and the will being in operation, her only conflict
was with their client, the universal legatee.

The appearance of the plaintiffs under ordinary circumstances would have
been evidence of their employment; but in the present case the plaintiffs repre-
sented the main and controlling interest to be defended in another's right. The
defendant's interest was small, and she was merely a nominal party in the suit.

The judgment of the District Court is, therefore, reversed, and judgment
rendered for the defendant, with costs in both Courts.