No. 2583.—A. & M. VOORHIES *v.* WM. G. HARRISON, Tutor.

Where the evidence shows that the attorneys employed in the case have engaged the services of other attorneys as associate counsel, without the knowledge or consent of the client, an action will not lie against the client to compel the payment of the fees to such associate counsel.

APPEAL from Fifth District Court, Parish of Iberville. *Posey,* J.
A. & M. Voorhies, for plaintiffs and appellants. *A. Talbot, St. M. Berault* and *E. Legendre,* for defendant and appellee.

WYLY, J. The plaintiffs have appealed from a judgment dismissing their demand against the defendant for professional services rendered him in a certain case.

The defendant denied plaintiffs' right of action against him, and averred that he employed Berault & Legendre, attorneys at law, of the city of New Orleans, to conduct the proceedings referred to by plaintiffs, for a stipulated fee, which he has since paid them in full; that if plaintiffs were employed as counsel in said suit, as they allege, it was without his knowledge, consent or authorization ; that he relied alone on the attorneys employed by him, and to whom alone he confided the management of said proceedings.

It appears from the evidence that the defendant gave the mortgage notes for collection to Berault & Legendre, attorneys, stipulating a fee, which he afterwards paid them; that said attorneys employed the plaintiffs to assist them; that plaintiffs presented the petition to which their names were attached as attorneys, to the judge, and procured the order of seizure and sale; and that they filed the proceedings with the clerk of the court.

It appears that the executory proceedings were enjoined, and that considerable litigation ensued in the inferior and appellate courts, but that plaintiffs took no part therein, the same being conducted by the counsel employed by the defendant.

The counsel who employed plaintiffs and the latter differ widely as to the contract by which they became associated in the case.

Albert Voorhies, one of the plaintiffs, testified that "Judge Berault, of the firm of Berault & Legendre, came to see me to be associate counsel of the defendant with his firm, which I consented to be, provided the defendant would pay me a fee of nine hundred dollars, the amount proposed to me, and which I thought too low, as I then remarked. I deny, most emphatically, having been employed as Judge Berault's counsel. I was merely associated with him to represent the defendant; so much so that when I left for Baton Rouge my expenses, amounting, I think, to fifty dollars, were paid by Mr. Miltenberger, the agent of the defendant."            *            *            *            *            *

Maurice Berault testified that sickness and business engagements, " compelled the firm of Berault & Legendre to employ for and on their own account, counsel to prosecute the claims. Judge Voorhies was applied to in December, 1865, or about a fortnight before the order of seizure and sale against Mrs. Ricard, to join Berault & Legendre in all the business and litigation touching the recovery of these notes of Cyprien Ricard. This application was made by affiant, who stated to Judge Voorhies the amount of the fee stipulated between Mr. Harrison and Berault & Legendre for all services to be rendered as follows: Berault & Legendre were to receive four thousand dollars, and the amount of their traveling expenses, etc. Affiant stated to Judge Voorhies that the one-third of the fee of four thousand dollars had already been assigned by Berault & Legendre, and that of the remaining two-thirds, two thousand six hundred and sixty-six dollars and sixty-six and two-third cents, he (Judge Voorhies) would receive the one-third, eight hundred and eighty-eight dollars and eighty-nine cents, and all expenses."

After stating that Judge Voorhies objected to this proposition for several reasons, the affiant declared that, " Judge Voorhies then concluded to accept the offer made him by affiant, and promised to give the business his early attention. To expedite which affiant, though unwell, drafted the petition for the executory process against Widow

Ricard's property, at least such portion of it as precedes the prayer, the description of the property being in the handwriting of the clerk, then in the employ of Berault & Legendre. The prayer appended to that petition is in the handwriting of Judge Voorhies. The petition thus written down to the prayer was handed to Judge Voorhies by affiant, subject to such corrections and alterations as he (Judge Voorhies) might think proper to make. The petition not being concluded, could not be signed by Berault & Legendre, but could have been signed in their behalf, as affiant supposed it would be, by Judge Voorhies, who signed it only in the name of A. & M. Voorhies."

From the evidence of one of the plaintiffs, and also from the evidence of Berault, the counsel of the defendant, who employed them, there can be no doubt that plaintiffs' cause of action, if, indeed, they have any, originates in a contract. It does not spring from a *quasi contract*. They became associated in the case by an agreement with defendant's counsel, and his liability to them will depend on the authority of the counsel to make the contract for him. No authority, whatever, to do so, appears in the record; on the contrary, the counsel who employed plaintiffs states that he explained to them that he was to get a certain fee, which he proposed to divide with them, or give them a certain share thereof; that sickness and business engagements "compelled the firm of Berault & Legendre to employ, for and on their own account, counsel to prosecute the claims."

If the counsel employed by the defendant saw fit to get others to perform the duties confided to them, they might become liable on their own contract, but they could not bind their client in a contract made by them without his knowledge or consent.

It is therefore ordered that the judgment of the court *a qua* be affirmed, with costs.

Rehearing refused.