(43 South. 908.)

No. 16,529.

FORMAN v. SEWERAGE & WATER BOARD OF NEW ORLEANS.

(April 29, 1907.)

**1. ACTIONS—CREATION OF REMEDY.**

The language of the following proviso is so plain and unambiguous as to leave no room for interpretation:

"Provided, that nothing in this act shall be construed to mean that a right or cause of action is created in favor of said Forman against said board; the intention being to give him the right to enforce any cause of action that he may have, either in law or equity."

**2. STATUTES—CONSTRUCTION—TITLE OF ACT.**

The title of an act is no part of the act, and can be resorted to for the purpose of interpreting the act only in case of doubt.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Statutes, § 288.]

**3. ATTORNEY AND CLIENT—RIGHT TO COMPENSATION.**

The right of an attorney at law to demand payment for his services depends upon whether he was or not employed. He cannot recover from one who did not employ him, however valuable the result of his services may have been to such person, and especially if the person was not even a party to the suit.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Attorney and Client, § 317.]

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Fred Durieve King, Judge.

Action by Benjamin Rice Forman against the sewerage and water board of New Orleans. Judgment for defendant, and plaintiff appeals. Affirmed.

Clegg & Quintero, for appellant. Omer Villeré, for appellee.

PROVOSTY, J. The plaintiff, Benjamin Rice Forman, an attorney at law of the city of New Orleans, claims of the sewerage and water board, of the same city, $25,000, for legal services alleged to have been rendered by him to that board in the suit of State of Louisiana v. New Orleans Waterworks Company.

The case has been tried on an exception of no cause of action accompanied by an agreement that, in case the exception was overruled, the court should proceed to decide the case as on a plea of general denial. For the latter purpose an admission of facts was made. The lower court sustained the exception of no cause of action.

The plaintiff does not claim that he was employed by the defendant board, but that the Legislature has imposed upon the defendant board the obligation to compensate him for his services by the following act:

"An act to provide for the compensation of Benjamin Rice Forman for his professional services in the case of the State of Louisiana v. the New Orleans Waterworks Company, and to make it the duty of the sewerage and water board of New Orleans to pay such compensation as may be agreed on, or fixed by arbitration, or by final judgment of court.

"Whereas, notice of intention to apply for passage of this act, stating the substance of the contemplated law, has been published in New Orleans for thirty days prior to its introduction into the General Assembly, once a week for thirty days in French and English, in daily newspapers published in New Orleans, evidence of which has been exhibited to the General Assembly; and, whereas, after an investigation, the General Assembly, by concurrent resolution No. 150, approved July 14, 1898, reported the evidence as to the New Orleans Waterworks Company to the Attorney General for such action as he should deem proper, and the city council of New Orleans, in December, 1898, passed a resolution requesting the Attorney General to bring a suit to forfeit the charter and franchises of the New Orleans Waterworks Company: whereas, the multiplicity of his official duties to the state prevented him from personally preparing and trying said suit, and he engaged the professional services of Mr. Benjamin Rice Forman, an attorney-at-law, who wrote the petition and gathered together the evidence, and all of whose time was taken in the trial of the case of the State of Louisiana v. the New Orleans Waterworks Company, from the 9th of November, 1899, to the 25th of April, 1900, and when, in October, 1900, the district judge rendered a judgment against the state, Honorable Walter Guion, Attorney General, not being familiar with the record and the evidence, engaged Mr. Forman to prosecute an appeal to the Supreme Court of Louisiana, which he did, and superintended the preparation of the enormous transcript and wrote the brief, and made the principal argument in the Supreme Court of Louisiana, resulting in a final decree for the state of Louisiana, forfeiting the charter and franchises of the New Orleans Waterworks Company, and when a

writ of error was allowed, taking the case to the Supreme Court of the United States; Mr. Forman made two trips to Washington, D. C., and made the motion to dismiss or affirm, and wrote the brief in support of that motion, which has been successful, and the sewerage and water board will largely profit thereby, and save an enormous sum which it would otherwise have been obliged to pay for the purchase of said franchise, including the monopoly of the water supply of New Orleans, which had twenty-seven years to run; and no provision has been made to pay Mr. Forman for his services.

"Be it enacted by the General Assembly of the state of Louisiana, that the sewerage and water board of New Orleans is hereby authorized to pay Benjamin Rice Forman a just compensation for his services rendered in the case of the State of Louisiana v. the New Orleans Waterworks Company, in the civil district court for the parish of Orleans, and in the Supreme Court of Louisiana, and in the Supreme Court of the United States, the amount to be fixed by consent of both parties, and, if they can not agree, then by arbitration, should they agree to arbitrate, or by amicable compounders; or should they not agree to arbitration then the said Forman is hereby authorized to sue said board in the civil district court for the parish of Orleans, subject to appeal. Provided, that nothing in this act shall be construed to mean that a right or cause of action is created in favor of said Forman against said board; the intention being to give him the right to enforce any cause of action that he may have, either in law or equity."

The defendant contends that by the proviso to said act, namely:

"Provided that nothing in this act shall be construed to mean that a right or cause of action is created in favor of said Forman against said board; the intention being to give him the right to enforce any cause of action that he may have, either in law or equity"

—the Legislature has indicated in unmistakable terms that there was no intention on its part to create a right of action in favor of plaintiff.

And defendant contends, in the second place, that the funds in its hands are beyond legislative control, the same being dedicated by constitutional provision to the constructing of a sewerage and water system in the city of New Orleans, and that, if said act purported to divert said funds to any other purpose, such, for instance, as to

paying the said claim of plaintiff, it would be unconstitutional and void.

We agree with defendant that by the proviso to the act the Legislature has unmistakably said that its intention was not to create a right of action, but only to grant permission to enforce any that might exist already.

Plaintiff's learned counsel argues with great force that plaintiff had already this right to enforce any right of action he might have, and hence did not need an act of the Legislature to grant it to him, and that therefore to give to said act no greater scope than this would be to render it nugatory. There is great force in the argument, but it breaks itself against the perfectly plain language of the proviso, which leaves no room for interpretation, or even for discussion. True, the title of the act provides that the purpose is to "make it the duty" of the defendant board to pay plaintiff; but the title of an act is no part of the act, and, in interpreting the act, is resorted to only in case of doubt. State v. Cazeaux, 8 La. Ann. 109; Cohen v. Barrett, 5 Cal. 195; People v. Abott, 16 Cal. 358. And no one can read the proviso and be in doubt.

In the oral argument, though not in the brief, the learned counsel for plaintiff argued that a right of action had arisen against the defendant board by equity; the services of plaintiff having inured to the benefit of the defendant board. The defendant board profited, said counsel, by the services of plaintiff to an amount of fully $2,000,000 or $3,000,000. Without them, it would have had to buy or expropriate the New Orleans Waterworks Company's monopoly franchise, and the expense would have been fully that much.

There can be no doubt that the services of plaintiff were immensely valuable, and inured enormously to the benefit of the defendant board and of the people of the city of New Orleans, and incidentally of the whole state. There can be no doubt, also, that the

task which plaintiff undertook and successfully accomplished was gigantic, in respect both of the mountain of work to be done and of the legal ability required to do it, and there can be no doubt that plaintiff ought to be remunerated from some source; but it is equally plain that no right of action has ever arisen in his favor against the defendant board. Plaintiff was employed by the state, and not by the defendant board, and was the attorney of the state, and not of the defendant board. The suit was by the state to forfeit the charter of one of her corporations. The defendant board not only was not a party to it, but, for over a year after it had been brought, was not even in existence. The following authorities are distinctly in point, and are conclusive against a right of action of any kind, equitable or legal, arising in favor of an attorney at law for legal services without his having been employed:

"On a careful examination of the testimony, we have come to the conclusion that the plaintiff was misled in supposing that he was employed by the defendant, and that the parties who engaged his services did so on their own account, and had no authority to bind the defendant. However valuable the services of the plaintiff may have been, which do not appear to be underrated by the defendant herself, yet, as she did not employ him or authorize any one else to employ him in her suit, the present action cannot be sustained." Roselius v. Delachaise, 5 La. Ann. 481, 482, 52 Am. Dec. 597.

That principle was affirmed in Michon v. Gravier, 11 La. Ann. 596, at page 598:

"Defendants have set up in reconvention a claim for $1,000 counsel fees for defending a suit of Parish et al. relative to the property of the batture of the Faubourg St. Mary. This claim has been opposed on the authority of the decision in Roselius v. Mrs. Delachaise, 5 La. Ann. In the case quoted Mr. Roselius claimed as having been employed by Mrs. Delachaise; but in the present case we do not understand that there is any pretense that the learned counsel who represented the heirs of Gravier in the defense of the suit of Parish was retained by the present plaintiffs, and, as the heirs of Gravier had undoubtedly large interests of their own at stake in that suit, they must be supposed, in the absence of contrary proof, to have engaged counsel in reference to those interests."

Wailes & Matthews v. Succession of Brown, 27 La. Ann. 411:

"This, it is contended, is overruled in the case of Roselius v. Delachaise, 5 La. Ann. 481, where the principle was established that the right of an attorney at law to remuneration depends upon a contract (or appointment), and that he cannot recover from one who did not employ him, however valuable may be the result of his services to such person. This, we think, is the correct doctrine and the one which has since been followed. See Michon v. Gravier, 11 La. Ann. 596.

"In reference to the case in Friend v. Graham's Adm'r, 10 La. 438, above cited, it may be said that no one heir, as such, represents the succession, so as to bind it, and if he thinks his interest in the succession is of such extent or importance as to warrant him in suing for the removal of the curator or other representative he should bear the expense of the counsel employed by him for that purpose."

Succession of Kernan, 105 La. 592, 30 South. 239, in which the above Louisiana case and cases from other states are cited with approval.

Jones & Daugherty v. Aaron Goza, 16 La. Ann. 428:

"When a magistrate assigns counsel, under the statute, and another assists the one so assigned, the plaintiff cannot recover against the defendant when no contract was made with him personally."

Cooley & Lacoste v. Cecile, 8 La. Ann. 51:

"It often occurs that the valuable services of counsel inure to the benefit of others than those who have employed them. Large interests often include small ones in matters of litigation. As we have said in the case of Roselius v. Delachaise, 5 La. Ann. 481, 52 Am. Dec. 597, for such services counsel cannot recover against parties who have not employed them."

A. and M. Voorhies v. W. G. Harrison, Tutor, 22 La. Ann. 85:

"When the evidence shows that the attorneys employed in the case have engaged the services of other attorneys as associate counsel without the knowledge or consent of the client, an action will not lie against the client to compel the payment of the fees of such associate counsel."

Chicago, St. C. & M. R. Co. v. Larned, 26 Ill. 218:

"The right of an attorney to remuneration depends on a contract or appointment, and he cannot recover from one who did not employ him, however valuable may be the result of his services."

Westmoreland v. Martin, 24 S. C. 238:

"The fact that an attorney's services incidentally benefit other than the person employing him gives him no legal claim against such other person for compensation."

Hotchkiss v. Leroy, 9 Johns. (N. Y.) 142:

"To entitle an attorney to compensation it is not enough to show that plaintiff acted as attorney, and was considered as such by the opposite party."

Smith v. Lyford, 24 Me. 147:

"If an attorney at law is employed by the principal to defend an action against himself and two sureties upon a note signed by them, such employment will not of itself make the sureties holden for the payment of the bill for services in the defense without the consent of the sureties, either through the agency of the principal or in some other way, that such attorney should be employed as their attorney."

3 Am. and Eng. Ency. of Law, page 438:

"Where one of several parties, all of whom are equally interested in a cause, employ an attorney to conduct the case for him, and the benefit of such services, from the nature of the case, extends to all the other interested parties, the other parties, merely by standing by and accepting the benefit of such services without objection, do not become liable for the attorney's fees." (Authorities.)

Page 441:

"Since in the case of attorneys there is no implied authority to delegate their duties, one attorney employed by another to assist him in the conduct of a case cannot hold his employer's client liable for his compensation, unless the client has ratified the act of the original attorney in employing assistance with full knowledge of the fact that the attorney so employed is to look to him for compensation." (Authorities.)

Humes v. Decatur Land Co., 98 Ala. 461, 13 South. 368:

"Instructions that defendant is not liable unless plaintiffs were employed by it, though it was benefited by the services rendered, irrespective of what plaintiffs understood as to its liability, are not erroneous.

"An instruction that proof that the services were performed is not sufficient to render defendant liable, unless there is also proof of knowledge and recognition thereof as having been rendered at the instance and request of defendant, is not erroneous."

Knowing how arduous and valuable and meritorious were the services of Mr. Forman, it is with regret that the court finds itself compelled to decide against him.

Judgment affirmed.