BREAUX, C. J.
Plaintiff asks for a judgment to compel defendant to return to her the-sum of $1,400 that she placed in her hands, being 10 per cent, of the purchase price off real estate in the city of New Orleans.
Plaintiff’s petition in the district courtwas met by defendant’s exception of no cause-of action and by a general denial as an answer.
*57 The district court decided iu favor of plaintiff.
The defendant appealed to the Circuit Court of Appeal, and that court affirmed the judgment of the district court.
Defendant filed here an application for a review of the proceedings. The papers were sent up by the Court of Appeal.
The whole matter is before us for decision.
The facts are, as between plaintiff and defendant: An agreement was arrived at on April 18, 1905, in which Mrs. Hayward agreed to buy from Mrs. Campbell her place on St. Charles avenue, described in the agreement. Ten per cent. ($1,400) of the purchase price was placed by the vendee in the hands of the vendor. The last sentence of the agreement between the parties reads:
“Terms to be determined later after examination of the title.”
In reference to the title, applicant sets out that the property was bought by her son Wm. W. Campbell, who died in 1881, intestate, unmarried, without children, leaving his mother, the applicant, and his father and sisters and brother, as heirs. The father of the deceased gave his interest in the property he inherited to his wife, the applicant, and the heirs of age gave their interest to their mother. Two heirs, who were minors, died, respectively, in 1886 and 1888, intestate, not married, without issue. Their interest was inherited by their father and mother (the applicant here) and sisters and brother. The husband of the applicant, and father of the children, died in 1901. Mrs. Campbell was the widow in community and her children the sole heirs.
The father, it appears, had a remaining interest inherited by him from his deceased children before referred to who died after he had made the donation before mentioned to his wife. That interest inherited by him after he had made the donation to his wife, as before mentioned, was inherited by his heirs, and was still held by his heirs at the date that Mrs. Campbell sold the property to Mrs. Hayward, and to that extent the title was defective. The children wishing to carry out their mother’s wish, a proposed purchaser, went into possession on the 3d day of June, 1905. To perfect the title, they sold their said interest which they had inherited from their father to their mother. This was after plaintiff’s attorney employed by her had examined the title and found it defective. This deed was registered in the conveyance office of Orleans parish on June 8, 1905.
Going back to the agreement of purchase entered into between plaintiff and defendant, after it had been entered into Mrs. Hayward employed an attorney, as just stated, to examine into the title.' The attorney did not find the title good, as stated before, and advised Mrs. Hayward not to accept it.
The applicant, Mrs. Campbell, was informed by Mrs. Hayward that the title had not been found good, and she was requested to return to her the $1,400.
On the following day, after the receipt of Mrs. Hayward’s notification, the attorney for Mrs. Campbell wrote to the attorney for Mrs. Hayward that Mrs. Campbell was prepared to give a good and valid title to his client at any time, and expressed the desire to confer with him at his convenience. Nothing came of this.
On the 12th day of September following Mrs. Hayward brought this suit to recover the $1,400 deposited.
At the time that the title was examined in accordance with the agreement there was, good reason not to accept it. It was not valid. The defendant had sold more than she owned. She did not appear of record as owner of all the property. She was in the attitude of one who sold property a fractional portion of which she did not own.
On advice of counsel, plaintiff declined to take title as she had a right to do. By de *59 dining for cause she sufficiently placed the defendant in default.
It is not necessary to do more than to decline to accept a title which was deficient.
The purchaser had not consented to buy with any sort of assurance that, if .the title was not good or complete, it would be made good and time would be granted to make it complete.
In the Bellocq Case, 31 La. Ann. 164, from which defendant quotes, we have not found a controlling similarity with the case here.
In the cited case the sale had been consummated and defendant was in quiet' possession. .
The procurement of title was a condition of the sale. Charpaux v. Bellocq, 31 La. Ann. 164.
Here there was no promise of any sort to make title complete if in any way found deficient. It was an absolute sale subject to the examination of the title.
Before the sale is consummated the person who has accepted on the vendor’s promise of a good and valid title is not in the position of the person who has accepted the title and has gone into possession.
A title before acceptance should not “be suggestive of litigation” are the words used in several decisions pertinent to take issue here.
It will be borne in mind that some of the heirs with an interest in the property had never signed or in any manner consented to the sale. They were married. There was no certainty at the timé that the title was examined that they and their husbands would consent to ratify the sale.
Under the circumstances we do not think that we should decide that the defendant was entitled to the 10 per cent, in question as a mere bonus.
It appears to us that the plaintiff and defendant are not very far apart in regard to the sale, although the position is taken, in substance, by defendant, Mrs. Campbell, that the plaintiff, Mrs. Hayward, never was entirely in earnest in her offer to buy the property.
Mrs. Hayward meets this asseveration of defendant by her assurance that, if the title-has been ratified and is now legal and binding on all parties, she is now ready to accept it.
This court has decided that delivery even after suit was instituted was in time and in compliance with the contract. Turner v. Collins, 2 Mart. (N. S.) 605.
On the strength of that decision these parties may be given time and opportunity to-perform the contract.
Something was said in argument, while-considering the cause from this point of view, about calculating interest from the date of the sale; that is, that the purchaser would account for interest on the price from that date, and that defendant would account for and pay rental she has collected since the-date of the sale.
That would be giving to the issues a wider scope than we think the issues justify.
It will simplify matters to deal with the-present.
Mrs. Campbell shall deliver title to Mrs. Hayward within the stated days from the finality of the judgment. Mrs. Hayward to-pay the price on the day that Mrs. Campbell delivers the title.
It is therefore ordered, adjudged, and decreed that the judgments of the Court of Appeal and of the district court are affirmed, to the extent that they decide that the defendant, Mrs. Campbell, cannot keep both the property and the amount of $1,400 before-mentioned.
It is further ordered, adjudged, and decreed that the judgment in question is hereby amended to this extent: Mrs. Campbell shall make and deliver title to Mrs. Hayward within 10 days from the finality of this judgment, Mrs. Hayward to pay the price agreed. *61 •upon. Mrs. Campbell to deliver the property. In her default, she must return the money to Mrs. Hayward. In case of the latter’s default, Mrs. Campbell to retain the money.
Costs of this court to be paid by Mrs. Campbell. Costs of the district court also to be paid by Mrs. Campbell. Costs of the Court of Appeal to be paid by Mrs. Hayward. Case is remanded to the district court for execution of the judgment.