————o————

5349.

(Court of Appeal, Parish of Orleans.)

## MISS ANGELINE YRLE vs. MR. AND MRS. HENRY L. HEZEAU.

1. Where parties, after a succession has accrued to them, declare by authentic act or in a judicial proceeding that they are without interest in a fund donated by their mother to a co-heir or in the property bought with it, and that they renounce in their co-heir's favor, they will be estopped from subsequently claiming collation thereof.

2. The acquisition by a vendor of a further interest in the property after the transfer of all her rights will inure to the benefit of the vendee.

Appeal from the Civil District Court, Division "A."

U. Marinoni, Jr., G. M. Hornor, plaintiff and appellant.

W. F. Brewer, Carleton Hunt, defendant and appellee.

DUFOUR, J.—The plaintiff, who had agreed to purchase of the defendants, certain real estate, sued to recover double the amount deposited by her for the alleged reason that the title is not good.

The defendants in their answer assert the validity of their title and ask that specific performance of plaintiff's offer to purchase be decreed.

The defects complained of are:

1st. That Mrs. Hezeau purchased the property with funds donated inter vivos by her mother and, hence subject to collation under Article 1228 R. C. C.

2nd. That Mrs. Robert and Miss Robert, from whom Mrs. Hezeau purchased the property, acquired the same, the former, as widow in community for half of the property and testamentary heir for the usufruct, and the latter, as sole heir of her father, and that Mrs Robert might remarry and thus vest by forfeiture under Article 1753 R. C. C. the disposible portion in her daughter.

## I.

It appears that Mrs. Hezeau's co-heirs after their rights had concurrently with her own been recognized in the succession proceedings, declared by authentic acts that they had no interest in the property bought by Mrs. Hezeau or in the fund with which it was bought, and, if any, they had, renounced the same in her favor.

Such a declaration, made after the succession had accrued to them forever bars them from claiming collation.

## 2.

It is a conclusive answer to the second objection that

Mrs. Robert and Miss Robert both join in the act of sale to Mrs. Hezeau.

If Mrs. Robert forfeits by remarrying, the forfeited share will accrue to Miss Roberts and they together therefore represent the ownership of the whole property.

Its acquisition by Miss Roberts, after transfer of her rights to Mrs. Hezeau, will inure to the benefit of her vendee. **3 Rob. 233-235.**

Although not urged in the pleadings, it is argued that the title was not good at the time stipulated in the agreement of sale. We do not understand the agreement to fix a delay for anything beyond acceptance of the offer of purchase. There was no delay fixed for the transfer, no putting in default and formal tender of title was specially waived.

Under the circumstances, the tender of a good title in an answer to the instant suit is timely.

**Heywood vs. Campbell, 119 La. 59.**

The judgment rejecting plaintiff's demand and ordering specific performance is correct.

Judgment affirmed.

November 6th, 1911.

———o———

### 5383.

(Court of Appeal, Parish of Orleans.)