No. ——
First Circuit

## SUTHON v. TERREBONNE TRAPPERS' ASSOCIATION, ET AL.

(January 28, 1926, Opinion and Decree)
(March 2, 1926, Rehearing Refused)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Attorneys—Par. 22, 23.**
Attorney's fees cannot be allowed where the attorney was employed by another attorney who did not have this authority of his clients.

Appeal from Terrebonne Parish. Hon. Robert B. Butler, Judge.

Action by Walter J. Suthon against Terrebonne Trappers' Association, et al., to collect an attorney's fee.

There was judgment for defendants and plaintiff appealed.

Judgment affirmed.

W. J. Suthon, of New Orleans, attorney for plaintiff, appellant.

N. F. Montet, of Thibodaux, and Harris Gagne, of Houma, attorneys for defendant, appellee.

MOUTON, J. Plaintiff sues defendant for attorney's fees, alleging it to be a voluntary association, amounting in law to a commercial partnership. His claim is for $1250.00 and, in the alternative, for $750.00, with legal interest.

He appeals from a judgment rejecting his demand.

The proof shows that a number of trappers banded themselves to employ a lawyer to know if they had a right to trap fur-bearing animals on the wild lands in Terrebonne parish, whether leased by them or not. They agreed to employ Mr. Gagne, a practitioner at the Houma bar, as their attorney. Each trapper, under the agreement, was taxed at the rate of $6.00 per year to pay Mr. Gagne, their lawyer. These trappers had no secretary, treasurer, manager or other officer. The sole purpose for which these trappers had associated themselves was to raise funds to pay Mr. Gagne for his professional services. The means adopted to raise the money to pay his fee was by taxing the trappers indi-

vidually, as before stated. It is true that these trappers had opened an account with the People's Bank and Trust Company in the name of the Terrebonne Trappers' Association, but in speaking of the money deposited in the bank one of the members of the association said:

"What money was banked as collected, as Mr. Gagne called for the money I would give it to him."

The record shows that neither these trappers, nor the so-called association, ever leased any lands for the purpose of buying and selling or shipping any furs. They were not in any sense engaged in the fur business as brokers or merchants, individually, or in the name of any organization or association. Such an organization was certainly not a commercial or ordinary partnership. C. C. 2825, 2826. As explained by two of the members of the association, "it was to hire a lawyer" and "to see if we had a right to trap without a lease or not". Plaintiff testified that Mr. Gagne gave him a check for $250.00 when he engaged his services for the Terrebonne Trappers' Association and drew a check on Mr. Wilfred King, whom Mr. Gagne represented as being in charge of the association's funds. He says he deposited this check with his bank as another check, and that it never was charged back to his account. No doubt, this check was paid, but there is no evidence that King paid it, or that King ever knew anything about its payment, or that it was drawn on him. There is also no evidence that these trappers were ever organized as an association as hereinabove stated, or that any of the trappers individually or collectively ever had any knowledge that such a check was drawn by Mr. Gagne, that it was ever paid, or that plaintiff was ever employed by Mr. Gagne to assist him as an attorney. The proof shows that these trappers dealt exclusively with Mr. Gagne when they employed him as their attorney, and it nowhere appears that they gave him any authority to engage another lawyer or lawyers to assist him in the performance of his duties. It was Mr. Gagne who employed plaintiff to represent some of these trappers in a case which was pending in the United States Court, but without the knowledge or consent of the defendant, either individually or as an association. In the case of Voorhies vs. Harrisson, 22 La. Ann. 85, the court said:

"When the evidence shows that the attorneys employed in the case have engaged the services of other attorneys as associate counsel without the knowledge or consent of the client, an action will not lie against the client to compel the payment of fees of such associate counsel."

This is the case here; and it does not matter how valuable or beneficial the services of the attorney may have been to the party against whom he brings his claim. Roselius vs. Widow Delachaise, 5 La. Ann. 481; Wailes and Mathews vs. Succession of Brown, 27 La. Ann. 411; Cooley vs. Cecile, 8 La. Ann. 51; Forman vs. Sewerage and Water Board, 119 La. 49, 43 South. 908.

No doubt, plaintiff acted in perfect good faith, and that the services rendered by him are fully worth the amount he claims, but we find that Mr. Gagne had no authority to employ him for the defendant. His services were valuable and meritorious, and we must conclude by saying what the court said in Hayward vs. Campbell, 119 La. 56, 43 South. 910:

"It is with regret that the court finds itself compelled to decide against h'm "