CHASEZ, Judge.
This is an appeal by Mrs. Dorothy T. Horton and Bernard Horton, as her husband in community, from a judgment maintaining an exception of no cause of action levelled against the following rule for attorney’s fees, filed by the Hortons against John Doll, curator of Henry Doll, and his surety, United States Fidelity and Guaranty Company:
“On motion of Dorothy T. Horton, wife of and Bernard Horton, and on suggesting to the court that mover; Dorothy T. Horton, was associate counsel of record with Burton G. Klein, as attorney for provisional curator, who was. subsequently appointed curator, and who also initiated the petition in these proceeding;
“That a final account was filed herein, approved by all counsel and parties, listing plaintiff attorney fee at $11,-000.00;
“That the said account was duly homologated; but that the said curator, instead of drawing the check in payment of plaintiff attorney fee, payable to the order of all counsel of record for the plaintiff, drew a check payable *324 to the order of Burton G. Klein, only, as the attorney for the plaintiff, and has delivered said check to the said Burton G. Klein; but that mover remains unpaid in whole or in part for her services as attorney of record for the plaintiff, which amount to one-half of the approved attorney fee.”
The motion concluded with a show cause order directed against appellees.
The question presented is whether the foregoing allegations state a cause of action; and, if not, whether movers should have been allowed to amend.
In our opinion the allegations do not state a cause of action, and moreover affirmatively show that movers do not now have, if they ever had, a cause of action.
Ordinarily, a client is not liable for the compensation of associate counsel, in the absence of an agreement by the client to pay associate counsel, or authorizing chief counsel to hire associate counsel at the client’s expense; Voorhies v. Harrison, 22 La.Ann. 85 (1870). See also Forman v. Sewerage & Water Board, 119 La. 49, 43 So. 908, 910 (1907), quoting 3 Am. and Eng.Ency. of Law, page 441; and see 7 Am.Jur.2d, Attorneys at Law, Sec. 105.
 The fact that the fees were payable out of the interdict’s estate does not affect the case. Such payment is, in final analysis, merely an indemnification in favor of the party who. brought the interdiction proceedings and who would otherwise be personally obliged to pay the attorney he employed. Thus where plaintiff is not even under a contingent obligation to pay associate counsel (i. e., if the interdiction should have been refused), the interdict’s estate is under no obligation to pay associate counsel.
Movers do not only fail to allege any express agreement for separate payment of Mrs. Horton as associate counsel, which alone would justify maintaining the exception, but they further allege that all counsel, including of course Mrs. Horton, approved the provisional curator’s final account, which provided one sum of $11,000.00 for “plaintiff attorney fee.” Mrs. Horton should have opposed, rather than approved, that account if she was entitled to and required payment either jointly or separately to herself. Mr. Klein was attorney for plaintiff, Mrs. Horton merely associate counsel. Payment of the full sum to Mr. Klein satisfied and discharged the obligation of the interdict’s estate, and of the curator and his surety.
Accordingly, the judgment appealed from is affirmed at appellants’ cost.
Affirmed.